A90A2177. DACOSTA v. ALLSTATE INSURANCE COMPANY.
(404 SE2d 627)

POPE, Judge.

This is the second appearance of this case before this court. The

facts of this case are reported in *Dacosta v. Allstate Ins. Co.*, 188 Ga. App. 10 (372 SE2d 7), cert. denied, 188 Ga. App. 911 (1988) (hereinafter referred to as *Dacosta I*). In *Dacosta I*, this court, applying Tennessee law under the doctrine of lex loci contractus, upheld an endorsement to the uninsured motorist provisions of an automobile policy issued in Tennessee by the appellee Allstate Insurance Company that allowed Allstate to offset workers' compensation benefits received by the claimant against the amount of uninsured motorist benefits which would otherwise be due under the policy. In so holding, this court specifically rejected appellant's argument that the endorsement contravened the public policy of this state.

Upon remittitur, a non-jury trial was held at which time the parties stipulated, inter alia, the amount of uninsured motorist benefits available under the policy ($100,000) and the amount of workers' compensation benefits received by the appellant (also $100,000). The trial court awarded appellant $200,000 damages for pain and suffering; however, pursuant to this court's holding in *Dacosta I* the trial court held that Allstate was entitled to reduce its $100,000 liability under the policy by the $100,000 appellant received from workers' compensation benefits. The trial court further ordered that judgment be entered in favor of Allstate and that appellant pay all costs of the litigation.

1. On appeal, appellant contends that the trial court erred by finding appellee was entitled to reduce its $100,000 liability limits under the uninsured motorist provisions of its policy by the $100,000 appellant received in workers' compensation benefits; by applying Tennessee instead of Georgia law to determine the enforceability of the policy endorsement; by finding the endorsement does not contravene the public policy of this state; and by entering judgment in favor of Allstate and taxing all costs to the appellant.

It is readily apparent that the first three of appellant's arguments are patently without merit. "In entering this judgment, the trial court was complying with the 'law of the case' rule. OCGA § 9-11-60 (h) provides 'that any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in the case in the lower court and in the Supreme Court or the Court of Appeals as the case may be.' There can be no argument but that this rule applies, for it was in [*Dacosta I*] that [these exact issues were] decided. The rule applies because the same parties and issues are involved and the evidentiary posture of the case [except for the fact that appellant has received additional workers' compensation benefits since the first appearance of this case] remains the same." *Bruce v. Garges*, 259 Ga. 268, 270 (2) (379 SE2d 783) (1989). Moreover, suffice it to say that we have examined the arguments raised in appellant's supplemental brief to this court concerning the non-application of the

above principle of law to the present case and find them to be without merit.

2. Contrary to appellant's remaining argument on appeal, OCGA § 9-11-54 (d) gives the trial court discretion in awarding costs to the parties. See *Gold Kist v. Williams*, 174 Ga. App. 849, 850 (4) (332 SE2d 22) (1985). "Sometimes it is not so clear who the prevailing party is, as one party may win on some issues and claims and the other on other issues and claims. That is why it is well that the rule allows the trial judge some discretion in the matter [of awarding] costs." H. Gregory, Georgia Civil Practice Sec. 7-1 (D), p. 542 (1990). This well describes the situation in the case at bar. Consequently, we cannot say as a matter of law that the trial court erred in awarding costs to appellee under the facts of this case.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 8, 1991 —
REHEARING DENIED MARCH 26, 1991 — 

*George P. Graves*, for appellant.
*Fain, Major & Wiley, Thomas E. Brennan*, for appellee.