PARK v AMERICAN CASUALTY INSURANCE COMPANY

Docket Nos. 171787, 179930. Submitted March 12, 1996, at Lansing.
    Decided September 24, 1996, at 9:00 A.M. Leave to appeal sought.

Benjamin Park brought an action in the Sanilac Circuit Court against
    American Casualty Insurance Company, seeking to compel arbitra-
    tion of his claim for uninsured motorist coverage under a no-fault
    automobile insurance policy issued by the defendant to the plain-
    tiff's employer. The plaintiff was injured while driving the
    employer's truck when the truck allegedly was struck by a hit-and-
    run driver. The defendant claimed that the loss was not subject to
    arbitration because there was no contact between the alleged hit-
    and-run vehicle and the truck driven by the plaintiff. When the
    defendant's counsel did not appear on the scheduled trial date, the
    court, Donald A. Teeple, J., entered a default against the defendant.
    The court reviewed the evidence and found that contact had
    occurred. The court then granted the plaintiff's request to submit
    the matter to arbitration. The arbitration panel decided that the
    worker's compensation and social security disability benefits
    received by the plaintiff could not be set off because they were not
    of like kind to the noneconomic damages sought. The panel
    awarded the plaintiff damages. The defendant appealed from the
    order dismissing the plaintiff's cause of action and ordering the
    case to arbitration pursuant to the language of the policy (Docket
    No. 171787). The defendant also appealed from the order of judg-
    ment affirming the arbitration award (Docket No. 179930). The
    appeals were consolidated.

In an opinion by FITZGERALD, P.J., joined in part by CORRIGAN, J.,
    the Court of Appeals held:

The trial court did not abuse its discretion in refusing to set
    aside the default judgment. The trial court's order must be affirmed
    in that regard.

In an opinion by CORRIGAN, J., joined in part by C. C. SCHMUCKER,
    J., the Court of Appeals held:

The arbitration award must be reversed. The worker's compensa-
    tion and social security disability benefits are economic losses that,
    pursuant to the insurance contract, the insurer is entitled to set off

from the uninsured motorist coverage. The arbitration panel erred in not allowing the setoff.

Order in Docket No. 171787 affirmed. Order in Docket No. 179930 reversed.

FITZGERALD, P.J., would find that the arbitration panel did not err in denying the setoff.

C. C. SCHMUCKER, J., would find that the trial court abused its discretion in entering the default judgment against the defendant.

1. MOTIONS AND ORDERS — DEFAULT JUDGMENTS — SETTING ASIDE DEFAULTS — ATTORNEY AND CLIENT.

   A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, may be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed; good cause sufficient to warrant setting aside a default or a default judgment includes a substantial defect or irregularity in the proceeding on which the default was based, a reasonable excuse for the failure to comply with requirements that created the default, or some other reason showing that manifest injustice would result if the default or default judgment were allowed to stand; an attorney's negligence is attributable to the client and normally does not constitute grounds for setting aside a default judgment (MCR 2.603[D][1]).

2. INSURANCE — NO-FAULT — UNINSURED MOTORIST PROVISIONS — SETOFFS — WORKER'S COMPENSATION BENEFITS — SOCIAL SECURITY BENEFITS.

   Worker's compensation and social security disability benefits received by an injured insured are properly set off from the benefits due the insured under the uninsured motorist provision of a no-fault automobile insurance policy that provides that any amount payable under the uninsured motorist provision shall be reduced by "all sums paid or payable under any worker's compensation, disability benefits, or similar law."

*John S. Paterson* and *Kimberly A. Tomczyk,* and *Appellate Services* (by *Rosemary A. Gordon*), for the plaintiff.

*Vandeveer Garzia, P.C.* (by *Hal O. Carroll, Terrance P. Lynch, Robert D. Brignall,* and *Christine A. Fischer*), for the defendant.

Before: Fitzgerald, P.J., and Corrigan and C. C. Schmucker,* JJ.

Fitzgerald, P.J. In Docket No. 171787, defendant appeals as of right from an order dismissing plaintiff's cause of action and ordering the case into arbitration pursuant to the language of a no-fault automobile insurance policy. In Docket No. 179930, defendant appeals as of right from an order of judgment affirming the arbitration award of $482,226.51. The appeals were consolidated.

Defendant issued a business automobile policy to plaintiff's employer, Ben Fox Trucking Company. While driving a truck owned by the company, plaintiff was allegedly struck by a hit-and-run driver. As a result of being forced off the road, plaintiff suffered severe injures. Plaintiff filed this suit to compel arbitration of his claim for uninsured motorist coverage under the policy. Defendant answered that plaintiff's loss was not subject to arbitration because "there was no contact between the [truck] and the phantom vehicle."

Plaintiff moved for summary disposition on the ground that the terms of the insurance policy clearly required arbitration upon the request of a party where the parties disagree whether the insured is entitled to coverage for uninsured motorist protection. Defendant disagreed, arguing that summary disposition was inappropriate because there was no contact between the hit-and-run vehicle and the truck and, therefore, the uninsured motorist provision did not apply. Although the trial court denied the motion without

---

* Circuit judge, sitting on the Court of Appeals by assignment.

prejudice, an order was not entered, and plaintiff's counsel renoticed the hearing for May 24, 1993.

On April 29, 1993, the trial court entered a scheduling conference order and notice of pretrial settlement conference and trial. The court scheduled the bench trial for three days, beginning November 16, 1993.

On August 17, 1993, the court entered an order submitting the matter to arbitration upon the parties' stipulation. The stipulation provided that "an order may be entered by this Court as the question of contact has been agreed by the parties and this matter should go to arbitration on the point of injury." However, the order for arbitration was set aside on November 1, 1993, on the basis of the parties' stipulation and "for the reason that the issue of contact is not agreed to at this time." Plaintiff then filed a motion for summary disposition on November 10, 1993, and noticed the hearing for December 6, 1993.

Defense counsel did not appear on the scheduled trial date of November 16, 1993. The court entered a default against defendant at that time. Plaintiff requested that the court decide whether contact occurred and allow plaintiff to present his case based upon the proofs already submitted on the record. After reviewing the evidence before it, the court found that contact occurred.[1] The court thereafter granted plaintiff's request to submit the matter to arbitration and issued an order requiring the parties to appear on December 6, 1993.

---

[1] The court decided the matter despite its belief that the arbitration clause "leaves the legal determination [whether contact occurred] to the arbitrators."

On November 29, 1993, defendant filed a motion to set aside the court's order on the ground that defendant's new counsel was not apprised of the date set for trial. Defendant sought an order to submit the issue of contact to arbitration along with the issue of injury.

At the hearing regarding the motion, the court noted that defendant's request to submit the question of contact to the arbitrators was the relief plaintiff originally sought. After recounting defense counsel's missed conference dates and adequate notice of the trial date, the court determined that it would be unfair to plaintiff and "not good for the administration of justice" to set aside the order. The court entered an order denying defendant's motion to set aside the determination.

An arbitration panel heard the case. The panel decided that the worker's compensation and social security disability payments received by plaintiff were not a permissible setoff because they were not of like kind to the noneconomic damages sought. The panel awarded plaintiff $482,226.51.

### DOCKET NO. 171787

Defendant first contends that the trial court abused its discretion in refusing to set aside the default judgment. I disagree.

The question whether a default or a default judgment should be set aside is within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of that discretion. *Gavulic v Boyer*, 195 Mich App 20, 24; 489 NW2d 124 (1992). Except when grounded on lack of jurisdiction over the defendant, a motion to set aside a default or a default judgment generally may be granted only if

good cause is shown and an affidavit of facts showing a meritorious defense is filed. MCR 2.603(D)(1); *Marposs Corp v Autocam Corp*, 183 Mich App 166, 171; 454 NW2d 194 (1990). Good cause sufficient to warrant setting aside a default or a default judgment includes: (1) a substantial defect or irregularity in the proceeding on which the default was based, (2) a reasonable excuse for the failure to comply with requirements that created the default, or (3) some other reason showing that manifest injustice would result if the default or default judgment were allowed to stand. *Gavulic, supra* at 24-25. An attorney's negligence is attributable to the client and normally does not constitute grounds for setting aside a default judgment. *Pascoe v Sova*, 209 Mich App 297, 298-299; 530 NW2d 781 (1995). However, even if there is no reasonable excuse for the failure to comply with the requirements that created the default, "[t]he showing of a meritorious defense and factual issues for trial may, under certain circumstances, fulfill the good-cause requirement by way of constituting a reason evidencing that manifest injustice would result from permitting a default to stand." *Komejan v Suburban Softball, Inc*, 179 Mich App 41, 51; 445 NW2d 186 (1989).

Here, there is no reasonable excuse presented for defense counsel's failure to appear. Substitute counsel admitted that a copy of the April 29, 1993, scheduling order that set the November 16, 1993, trial date was included with the transferred file. Counsel should have discerned the trial date from the case file when the file was received from former counsel.

Further, defendant argued only that the arbitrators should determine the question whether contact

occurred. As the court correctly pointed out, plaintiff's initial position was that the arbitrators should determine whether contact occurred. Because defendant originally requested that the court make such a determination, defendant could not then argue that the court erred in making the determination. Defendant cannot now seek reversal on the basis that the court decided an issue that defendant itself asked that the court decide. See *Detroit v Larned Associates*, 199 Mich App 36, 38; 501 NW2d 189 (1993). Defendant failed to show good cause to set aside the judgment.

Defendant also failed to show that it had a meritorious defense. In its motion to set aside the November 16, 1993, determinations, defendant failed to argue that contact between the truck and the phantom driver did not occur. Rather, defendant relied solely upon a showing of "good cause," which, as indicated above, was not established.

Next, defendant contends that the trial court's factual finding that contact occurred is clearly erroneous. By failing to show facts constituting a meritorious defense, defendant did not raise any factual issues that would warrant a trial on the merits of the question of contact. See *Komejan, supra* at 51. Further, MCR 2.603 does not require the court to weigh evidence or proofs before entering a default. Therefore, defendant cannot argue on appeal that the court's finding that contact occurred was clearly erroneous on the basis of the evidence before the court at the time it entered the default.

Defendant argues that the trial court erred in failing to set aside the arbitration award because the arbitrators made an error of law in holding that a setoff clause in the uninsured motorist provision requiring deduction of social security disability benefits and worker's compensation benefits from amounts payable under an uninsured motorist provision is contrary to public policy. I disagree.

The uninsured motorist provision of the insurance policy provided:

> 2. Any amount payable under this coverage shall be reduced by:
>
> a. All sums paid or payable under any workers' compensation, disability benefits or similar law.

A purpose of the no-fault act is to provide a contractual right of action against one's own insurer for wage-loss and medical expenses arising from a motor vehicle accident. A tort action for noneconomic and excessive loss was preserved in cases of severe loss. *Bradley v Mid-Century Ins Co*, 409 Mich 1, 62; 294 NW2d 141 (1980). A thorough discussion of the relationship between no-fault benefits and uninsured benefits was provided in *Bradley*, *id.* at 62-63, and is worth repeating:

> The Legislature has thus divided an injured person's loss into two categories—loss for which the no-fault insurer is liable and loss for which the tortfeasor is liable. No-fault insurance provides security for the first type; uninsured motorist coverage, which presupposes that the insured is entitled to recovery under the tort system, provides security for the second type—it is offered to protect against being left with a worthless claim against an uninsured motorist.

One who has purchased uninsured motorist coverage would not expect to collect twice for the same economic loss and the insurer prevents this from happening through the set-off clause. But neither would he expect to have his uninsured motorist coverage reduced or eliminated altogether because of other coverage he has purchased. He would expect, even in the face of the set-off clause, that amounts paid by the insurer for economic loss would not reduce the amount payable for non-economic or excess economic loss.

In providing insurance against the uninsured motorist, the insurer promises the insured that his right of action for greater than threshold injuries will not be worthless if the tortfeasor turns out to be uninsured.

If the tortfeasor is insured or otherwise collectible, the insurer paying no-fault benefits has a statutory right to reimbursement for benefits theretofore paid by it only out of a recovery for those economic losses. So, too, if the insurer contracts to make good for an uninsured motorist—coverage complementary and supplementary to the basic no-fault policy and standing in the place of third-party residual liability insurance—the insurer and the insured should have corresponding rights relative to amounts recoverable under an uninsured motorist endorsement; the insurer should be permitted a set-off only to the extent a recovery duplicates benefits it has already paid.

Worker's compensation and social security disability benefits are economic benefits and are not of like kind to the noneconomic benefits sought by plaintiff under the uninsured motorist provision of the policy. Pursuant to *Bradley*, benefits received under an uninsured motorist provision that are not of like kind to those recoverable against the insurer under the uninsured motorist provision are not a permissible setoff even where policy language is clear and unambiguous

that a setoff was provided.[2] If the setoff of worker's compensation and social security disability benefits were to be enforced in the manner defendant seeks, it would make the coverage for noneconomic damages illusory and defeat the reasonable expectations of the insured and the policy of the no-fault act to distinguish between economic and noneconomic loss.

Defendant also claims that the arbitrators made an error of law in failing to consider evidence of plaintiff's comparative negligence in determining the amount of damages to be awarded. The arbitrators' opinion, however, specifically refers to evidence received by the arbitrators regarding the issue of plaintiff's negligence, including plaintiff's admission that he was not wearing a seat belt at the time of the accident. The arbitrators then reduced plaintiff's award by the full statutory five percent for failure to wear a seat belt. See MCL 257.710e(6); MSA 9.2410(5)(6). Thus, defendant's argument is without merit.

Last, defendant maintains that the trial court erred in failing to set aside the arbitration award on the ground that the "neutral" arbitrator was partial to plaintiff. A party attacking the impartiality of an arbitrator has the burden of proof. *Emmons v Lake States Ins Co*, 193 Mich App 460, 466; 484 NW2d 712 (1992). "[T]o overturn the arbitration award, the partiality or bias must be certain and direct, not remote, uncertain or speculative." *Gordon Sel-Way, Inc v*

---

[2] Plaintiff withdrew his claim for economic damages, including wage loss beyond the three-year period provided in the no-fault act. Therefore, we are not presented with the issue whether worker's compensation and social security disability benefits are of like kind to benefits for excess wage loss under an uninsured motorist provision.

*Spence Bros, Inc*, 177 Mich App 116, 120-121; 440 NW2d 907 (1989), aff'd in part, rev'd in part, and remanded 438 Mich 488; 475 NW2d 704 (1991). Here, defendant suggests that partiality is apparent in the neutral arbitrator's "tactical suggestion [on how to proceed] that the arbitrator thought would allow plaintiff to prevail." A review of the record, however, reveals that the neutral arbitrator wanted the parties to distinguish the difference between the coverage for economic loss under the no-fault act and coverage for excess economic loss under the uninsured motorist policy. Plaintiff then withdrew his claim for excess wages and sought only damages for pain and suffering. Defendant's theory that the neutral arbitrator acted with partiality in posing the question and making a suggestion is merely speculative and is not sufficient to justify setting aside the arbitration award.

I would affirm.

CORRIGAN, J. *(concurring in part and dissenting in part).* I concur that the trial court did not abuse its discretion in refusing to set aside the default judgment. Defense counsel provided no reasonable excuse for failing to appear on the scheduled trial date; counsel should have ascertained the trial date from the transferred file. Contrary to Judge SCHMUCKER's dissent, the default was not an unwarranted sanction because defense counsel also missed the earlier scheduling conference, although he had an order with that pertinent date.

Nonetheless, this Court should set aside the arbitration award. The issue regarding arbitration, one not addressed so far by a Michigan court, is whether worker's compensation and social security disability benefits are economic losses that an insurer is enti-

tled to set off from uninsured motorist coverage as a matter of public policy. I conclude that the insurer is entitled to do so.

### I. UNDERLYING FACTS

Plaintiff Benjamin Park sustained injuries when another vehicle allegedly struck the truck he was driving. Plaintiff filed the instant suit to compel arbitration of his claim for uninsured motorist coverage under the insurance policy issued by defendant American Casualty Insurance Company. Although the parties later stipulated to arbitrate the claim, the court subsequently withdrew the order because the parties could not agree whether plaintiff's truck had made contact with another vehicle.

At the scheduled trial date, defense counsel did not appear. The court entered a default against defendant at that time. The court also determined that contact had occurred between plaintiff's truck and another vehicle, and granted plaintiff's request that the case be submitted to arbitration. Defendant later moved to set aside the court's order, asking to submit the issue of contact to the arbitration panel. The court denied defendant's motion to set aside the order.

An arbitration panel then heard the case. Plaintiff was seeking benefits under defendant's policy for his excess wage loss and pain and suffering. During the hearing, the neutral arbitrator commented about plaintiff's claim for excess wage loss; plaintiff then withdrew that claim, leaving only his claim for noneconomic damages. Defendant's policy, however, contained a clause that offset any amount payable under the policy by all sums paid under worker's compensation, disability benefits, or a similar law.

Despite this clause, the neutral arbitrator and the plaintiff's arbitrator decided that the worker's compensation and social security disability payments received by plaintiff were not a permissible setoff because they were not of like kind to the noneconomic damages he sought.

The parties stipulated that plaintiff's noneconomic damages totaled $500,000. The arbitration panel reduced that amount by five percent because of plaintiff's comparative negligence in failing to wear a seatbelt. The court's order of judgment on the arbitration award reflects that Park was to receive $482,226.51, including taxable costs and interest. Defendant appeals.

II. SETOFF CLAUSE

Defendant asserts that it is entitled to set off the monies that plaintiff received as worker's compensation and social security disability benefits because of the policy language in the uninsured motorist clause. Uninsured motorist coverage provides an insured security for losses for which an uninsured tortfeasor would be liable. *Bradley v Mid-Century Ins Co*, 409 Mich 1, 62; 294 NW2d 141 (1980). Uninsured motorist coverage involves two types of losses: non-economic losses or excess economic losses. *Id*. When insurers have included setoff clauses in their policies, as defendant did here, their insureds may not collect twice for the same *economic* loss. *Id*. Amounts paid by the insurer for economic loss, however, do not reduce amounts due for *noneconomic* loss or *excess economic* loss. *Id*. at 63.

The setoff clause in the policy in this case reads as follows:

> 2. Any amount payable under this coverage shall be reduced by:
>
> a. All sums paid or payable under any workers' compensation, disability benefits or similar law.

If the language within an insurance contract is clear and unequivocal, the court will enforce the contract's terms and not rewrite the contract. The court will construe reasonable doubts and ambiguities most favorably to the insured, particularly against the insurer who drafted the contract. *Erickson v Citizens Ins Co*, 217 Mich App 52, 54; 550 NW2d 606 (1996). Under the plain contract language included above, the payments received by plaintiff Park should be set off.

The contract between the parties was in plain language and was without ambiguity. Under the clear language of the policy, plaintiff could have had no expectation that he would receive double compensation for his loss. In short, the parties had agreed to restrict their damages in the contract. In my view, plaintiff improperly recast his economic damages, on the basis of the advice of the neutral arbitrator, as damages for pain and suffering to circumvent the application of *Bradley* to this case. Moreover, regardless of the label that plaintiff applies to his loss, the insurance contract states that "any amount payable" shall be reduced. Thus, despite plaintiff's withdrawal of his claim for excess wage loss, the setoff still should occur under the policy language.

Under the personal injury protection portion of insurance policies, statutory law permits insurers to set off worker's compensation and social security disability benefits. MCL 500.3109(1); MSA 24.13109(1) provides: "Benefits provided or required to be provided under the laws of any state or the federal gov-

ernment shall be subtracted from the personal protection insurance benefits otherwise payable for the injury." The purpose of the above statute is to prevent recovery of benefits that duplicate benefits provided by the insurer, and thus prevent double recovery by the insured. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 477; 521 NW2d 831 (1994). Likewise, the uninsured motorist provision does not permit double recovery. *Bradley, supra* at 62. Defendant is not attempting to violate *Bradley* by offsetting no-fault benefits against uninsured motorist coverage. Rather, defendant argues that plaintiff's worker's compensation and social security disability benefits received *after* the three-year no-fault period should be set off.

Courts from other jurisdictions have permitted insurers to set off worker's compensation and social security disability benefits from uninsured motorist coverage. In *Dacosta v Allstate Ins Co*, 199 Ga App 292, 293; 404 SE2d 627 (1991), the court awarded the insured damages for pain and suffering; nonetheless, it permitted the insurer to set off the worker's compensation payments received by the insured. The insured ultimately collected nothing for his pain and suffering claim because the worker's compensation payments had exceeded the uninsured motorist coverage limits. *Id.* at 293-294. In *Schweighart v Standard Mutual Ins Co*, 227 Ill App 3d 249, 253; 169 Ill Dec 241; 591 NE2d 121 (1992), the court determined that the insured's worker's compensation award offset all the coverage under the uninsured motorist provision, so it did not permit a claim for loss of consortium by the injured insured's spouse.

Further, the Uniform Motor Vehicle Accident Reparations Act of 1972 holds that worker's compensation

and social security payments are subtracted in calculating net loss. 14 ULA 11(a), p 73. Because the Michigan no-fault act was premised on the uniform act, *Bak v Citizens Ins Co of America*, 199 Mich App 730, 736; 503 NW2d 94 (1993), it follows that plaintiff should not be permitted twice to recover for his economic damages.

Finally, Judge FITZGERALD states that if we enforce the setoff of worker's compensation and social security disability benefits, the coverage for noneconomic damages would be illusory and would defeat the reasonable expectations of the insured and the policy of the no-fault act to distinguish between economic and noneconomic loss. That conclusion overlooks the fact that plaintiff is receiving compensation from other sources. Further, to refuse to offset would ignore the plain contract language between the parties.

In light of Judge SCHMUCKER's concurrence in this view, we order reversal on this issue.

### III. NEUTRALITY OF ARBITRATOR

Defendant also argues that the neutral arbitrator failed to behave impartially during the hearing. The parties did not provide this Court with a transcript of the arbitration hearing; it may be that the hearing was not transcribed. The dissent by defense arbitrator Linda M. Orlans, however, stated that at the hearing the neutral arbitrator "suggested that if [plaintiff] withdrew his claim for Wage Loss Benefits that [defendant] would not be able to reduce its policy limit."

It appears to me that the neutral arbitrator's suggestion to plaintiff regarding successful litigation strategy may well have pierced the veil of neutrality.

The arbitrator suggested a successful litigation tactic that had not occurred to plaintiff's counsel and resulted in a favorable award. When a judge cannot impartially hear a case, the judge may be disqualified. MCR 2.003(B). By analogy, when an arbitrator acting as a decision maker fails to act impartially, the arbitrator should be precluded from deciding the pending matter. Grounds for disqualification include when the judge "is personally biased or prejudiced for or against a party." MCR 2.003(B)(1). The court rule requires a showing of "actual" bias. *Cain v Dep't of Corrections*, 451 Mich 470, 495; 548 NW2d 210 (1996).

Despite my concern about the neutral arbitrator's conduct, which amounted to giving legal advice to plaintiff regarding how to structure his claim of loss, I do not decide this issue in light of our disposition of the setoff issue.

I join Judge FITZGERALD in affirming the sanction but join Judge SCHMUCKER in finding the policy language plainly requires a setoff for duplicative benefits.

C. C. SCHMUCKER, J. *(concurring in part and dissenting in part)*. I concur in part and dissent in part. The trial court entered the default of the defendant for failure to appear at trial. Although defendant or defendant's counsel is clearly culpable, the failure to appear at trial was clearly a mistake and was not defiance of the court's authority. Indeed, it appears that the plaintiff's filing of a motion for summary disposition and noticing it for hearing after the scheduled trial date may have contributed to the mistake.

The trial court imposed the most serious sanction that it could on the defendant. Entering the default of the defendant is similar to dismissing a claim of a

plaintiff. Although a circuit court has the authority to enter the default of the defendant, such measures should be exercised cautiously. *MacArthur Patton Christian Ass'n v Farm Bureau Ins Group*, 403 Mich 474; 270 NW2d 101 (1978). The conduct of the defendant was not so egregious that the drastic step of default should have been taken. The trial court had other sanctions available, such as the imposition of costs.

I would find that the use of the most drastic sanction of default was not justified by the facts of this case and was an abuse of discretion.

In regard to the remaining issues, I concur with Judge CORRIGAN.