HUGGINS v MIC GENERAL INSURANCE CORPORATION

Docket No. 197092. Submitted November 5, 1997, at Lansing. Decided February 10, 1998, at 9:15 A.M. Leave to appeal sought.

John M. Huggins brought a garnishment action in the Shiawassee Circuit Court against MIC General Insurance Corporation, the automobile insurer of minor Kendra K. Frazier's father, after obtaining a judgment in a personal injury action against Bonnie Bohman, as guardian ad litem for Frazier. Frazier, at age thirteen and without a driver's license, had gotten involved in an automobile accident with the plaintiff while Frazier was driving an automobile owned by Daniel Jencks, who had permitted Frazier's companion, Matthew Jencks, to drive the automobile. The court, Gerald D. Lostracco, J., entered a default judgment of garnishment after MIC General failed to make a timely response. The court subsequently granted both MIC General's motion to set aside the default and motion for summary disposition, determining that MIC General had shown a meritorious defense in contending that there was no coverage for Frazier pursuant to a policy exclusion that stated: "We do not provide Liability Coverage for any person: Using a vehicle without a reasonable belief that person is entitled to do so." The plaintiff appealed.

The Court of Appeals *held*:

The trial court did not abuse its discretion in setting aside the default and did not err in granting summary disposition for MIC General. MIC General presented a meritorious defense such that allowing the default to stand would have resulted in manifest injustice. The policy exclusion at issue was clear and unambiguous and must be enforced as written. Even assuming that Frazier had permission to drive the automobile, she could not have reasonably believed that she was entitled to use the automobile, given the fact that she was underage, unlicensed, and inexperienced as a driver.

Affirmed.

1. JUDGMENTS — DEFAULT — APPEAL.

Whether a default should be set aside is within the discretion of the trial court, whose decision will not be reversed on appeal absent a clear abuse of discretion.

2. JUDGMENTS — DEFAULT — MOTIONS TO SET ASIDE DEFAULT.

   A motion to set aside a default may be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed; good cause sufficient to warrant setting aside a default includes: a substantial defect or irregularity in the proceeding on which the default was based; a reasonable excuse for failure to comply with requirements that created the default; or some other reason showing that manifest injustice would result if the default were allowed to stand (MCR 2.603[D][1]).

3. INSURANCE — POLICY LANGUAGE — JUDICIAL CONSTRUCTION.

   An insurance policy whose language is clear and unambiguous must be enforced as written; courts must be careful not to read an ambiguity into a policy where none exists.

4. INSURANCE — AUTOMOBILES — LIABILITY COVERAGE — EXCLUSION FOR UNENTITLED USE.

   An automobile insurance policy that excludes liability coverage for any person using a vehicle without a reasonable belief that the person is entitled to do so excludes coverage for any liability incurred by an underage, unlicensed, and inexperienced driver.

*John D. Nickola,* for John M. Huggins.

*Harvey, Kruse, Westen & Milan, P.C.* (by *George W. Steel*), for MIC General Insurance Corporation.

Before: SAAD, P.J., and HOLBROOK, Jr., and DOCTOROFF, JJ.

SAAD, P.J. Plaintiff appeals as of right from orders setting aside a default against garnishee defendant and granting garnishee defendant's motion for summary disposition. We affirm.

This claim arises out of a garnishment action filed against garnishee defendant on the basis of a judgment entered against Bonnie Bohman, guardian ad litem of Kendra K. Frazier, a minor. The underlying litigation arose from an automobile accident that occurred on March 9, 1991. On September 15, 1992, plaintiff brought personal injury claims against the

vehicle owner, Daniel Jencks, and his permissive user and vehicle possessor, Matthew Jencks, and Kendra K. Frazier, who was operating the Jencks' car at the time of the accident. Frazier was thirteen years old at the time of the accident.

Bohman accepted plaintiff's offer to stipulate the entry of judgment, and judgment was entered against her on September 21, 1994. A request and writ of garnishment was entered by the court on December 12, 1994, for the amount of the judgment. The writ was served by mail on December 21, 1994, on garnishee defendant. An employee of garnishee defendant spoke with plaintiff's counsel about the writ of garnishment. The parties now dispute whether an extension was given to garnishee defendant to respond to the writ. When garnishee defendant did not respond to the writ by January 17, 1995, plaintiff filed an application for default, which was granted. Garnishee defendant filed a motion to set aside the default on January 27, 1995. The trial court granted garnishee defendant's motion and set aside the default. Subsequently, both garnishee defendant and plaintiff filed motions for summary disposition pursuant to MCR 2.116(C)(10). The trial court granted summary disposition for garnishee defendant.

Plaintiff argues that the trial court abused its discretion in setting aside the default against garnishee defendant. We disagree.

While the policy of this state generally favors the meritorious determination of issues and, therefore, encourages the setting aside of defaults, whether a default should be set aside is within the sound discretion of the trial court. We will not reverse on appeal absent a clear abuse of that discretion. *Park v Ameri-*

*can Casualty Ins Co*, 219 Mich App 62, 66; 555 NW2d 720 (1996). A motion to set aside a default may be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed. MCR 2.603(D)(1); *Park, supra* at 66-67. Good cause sufficient to warrant setting aside a default includes: (1) a substantial defect or irregularity in the proceeding on which the default was based, (2) a reasonable excuse for failure to comply with requirements that created the default, or (3) some other reason showing that manifest injustice would result if the default were allowed to stand. *Gavulic v Boyer*, 195 Mich App 20, 24-25; 489 NW2d 124 (1992).

Garnishee defendant argues that a reasonable excuse exists for its failure to timely respond to the writ of garnishment. We do not find a good reason for garnishee defendant's negligence in not taking action to timely respond. Merely calling plaintiff's counsel and "receiving the impression" that an implied extension for an unknown amount of time had been given, and not confirming the extension in writing, is inadequate. However, the mere existence of negligence does not preclude a finding of good cause. *Komejan v Suburban Softball, Inc*, 179 Mich App 41, 51; 445 NW2d 186 (1989). A showing of a meritorious defense and factual issues for trial can fulfill the "good cause" requirement because in some situations, allowing such a default to stand would result in manifest injustice. *Park, supra* at 67. We therefore must determine whether the garnishee defendant presented a meritorious defense.

Not surprisingly, plaintiff contends that garnishee defendant did not have a meritorious defense. Specifically, plaintiff argues that Frazier was covered for the

March 9, 1991, automobile accident under her father's insurance policy with garnishee defendant and thus garnishee defendant was liable for the judgment against Bohman. On the other hand, garnishee defendant argues that Frazier's accident was specifically excluded under its policy because Frazier was not "entitled" to drive the car involved in the accident. Garnishee defendant points to the following exclusion in its contract:

> We do not provide Liability Coverage for any person: Using a vehicle without a reasonable belief that person is entitled to do so.

The critical issue here is whether Frazier had a "reasonable belief" that she was "entitled" to drive the Jencks' automobile. Although it does not appear that this issue has been squarely addressed in a published Michigan decision,[1] we find the general principles of statutory interpretation to be helpful. Where the language of an insurance policy is clear and unambiguous, it must be enforced as written. Courts must be careful not to read an ambiguity into a policy where none exists. *Auto-Owners Ins Co v Harvey*, 219 Mich App 466, 469; 556 NW2d 517 (1996).

---

[1] We have reviewed *Bronson Methodist Hosp v Forshee*, 198 Mich App 617; 499 NW2d 423 (1993), which in relevant part addressed whether an injured minor was excluded from receiving personal protection insurance benefits "because he was using the vehicle *and* had no reasonable belief that he was entitled to use it." (198 Mich App 622; emphasis added.) Despite the fact that the driver did not hold a driver's license, the Court of Appeals found that his use was lawful under the exigent circumstances presented there. Cf. *Priesman v Meridian Mut Ins Co*, 441 Mich 60, 71; 490 NW2d 314 (1992) (although the case addresses primarily "lawfulness" of a minor's joyride, Justice GRIFFIN states in dissent, "[n]or would he have a reasonable belief that he was entitled to take and use his mother's car, since he was not licensed and had never been allowed to use the car.")

We conclude that garnishee defendant's policy is not ambiguous and should be enforced as written. Under its plain terms, a nonowner driver must be "entitled" to drive the automobile. "Entitle," as defined in *Webster's Ninth New Collegiate Dictionary* (1991) means "to furnish with proper grounds for seeking or claiming something." Plaintiff contends that to "have permission" and to "be entitled" are the same. We disagree. "Permission" is defined in *Webster's Ninth New Collegiate Dictionary* (1991) as "formal consent." Although consent is a proper ground, it is not the only ground. It necessarily follows that mere permission to drive the automobile was inadequate.

Even viewing the facts in the light most favorable to plaintiff (i.e., assuming that Frazier had permission to drive the automobile), we find that rational minds would agree that Frazier, an underage, unlicensed, inexperienced driver, was not "entitled" to drive the automobile. She had only one of the grounds required to drive the automobile, permission. However, without a driver's license, she did not have all the proper grounds that entitle one to drive a vehicle. Without a driver's license she could not reasonably believe that she had met all the requirements necessary to entitle her to drive the Jencks' automobile. See *General Accident Fire & Life Assurance Corp, Ltd v Perry,* 75 Md App 503, 523; 541 A2d 1340 (1988) ("From the language of the clause it is clear that coverage is excluded if the driver [a] knew he was not entitled to drive the vehicle, or [b] if he claimed he believed he was entitled to drive the vehicle, but was without reasonable grounds for such belief or claim."); *Omaha Property & Casualty Ins Co v Johnson,* 866 SW2d 539

(Tenn App, 1993) (trial court erred as a matter of law in concluding that it was "reasonable" for sixteen-year-old without a driver's license, who took the truck out after his parents were asleep, to believe that he was "entitled" to drive the truck).

Moreover, clear and specific exclusions in an insurance policy should be given effect. Garnishee defendant cannot be held liable for a risk it did not assume. *McGuirk Sand & Gravel v Meridian Mut Ins Co*, 220 Mich App 347, 353; 559 NW2d 93 (1996). It would be unreasonable to find that garnishee defendant assumed the risk of an unlicensed underage driver being involved in an accident in a vehicle not specifically covered by the policy. It is also unlikely that Frazier's father intended the insurance policy to cover his underage unlicensed daughter while driving an automobile not owned by a relative living in the same household. No evidence was presented that the intent of the parties was to cover this situation.

Accordingly, we hold that (1) the garnishee defendant presented a meritorious defense through the affidavit of the employee who handled the claim, (2) the trial court did not abuse its discretion in setting aside the default, and (3) the trial court properly granted garnishee defendant's motion for summary disposition.

Affirmed.