# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN COMMERCE BANK and BANK OF
AUBURN HILLS,

Plaintiffs-Appellants,

UNPUBLISHED
December 11, 2014

v

JO JU RIMAL, L.L.C., WILLIAM N.
WIDMYER, and WILLIAM N. WIDMYER
LIVING TRUST,

Defendants-Appellees,

and

MORGAN STANLEY SMITH BARNEY, L.L.C.,

Garnishee Defendant-Appellee.

No. 317679
Oakland Circuit Court
LC No. 2011-116985-CK

Before: JANSEN, P.J., and TALBOT and SERVITTO, JJ.

PER CURIAM.

Plaintiff Michigan Commerce Bank[1] appeals by right, challenging the trial court's orders (1) setting aside a default against garnishee defendant Morgan Stanley Smith Barney, L.L.C. (Morgan Stanley), and (2) granting defendants' objections and setting aside plaintiff's garnishment with respect to one of the Morgan Stanley accounts. We affirm.

Plaintiff obtained a judgment against defendants Jo Ju Rimal, L.L.C., William N. Widmyer, and the William N. Widmyer Living Trust in the amount $117,988.38. Plaintiff attempted to collect the judgment by serving a writ of garnishment on Morgan Stanley, naming defendant William Widmyer as the debtor. Plaintiff sought to garnish two accounts: (1) Account No. 808, registered to William N. Widmyer, as Trustee for the William N. Widmyer Living Trust, with a value of $32,565.32, and (2) Account No. 644, owned by WID Investments,

---

[1] Michigan Commerce Bank is the successor in interest to plaintiff Bank of Auburn Hills. For ease of reference, we use the singular term "plaintiff" to refer to Michigan Commerce Bank.

L.L.C., with a value of $44,651.42. When Morgan Stanley failed to timely file a disclosure, plaintiff filed a request for a default against Morgan Stanley, which was entered on June 18, 2013. On July 11, 2013, Morgan Stanley filed a motion to set aside the default. Morgan Stanley asserted that there was good cause to set aside the default because the delay in failing to timely file the disclosure was caused by an employee's inadvertent neglect during a coworker's maternity leave. Morgan Stanley also asserted that it had a meritorious defense because Account No. 644 was owned by a non-party business entity and Account No. 808 was owned by a trust, which was not named on plaintiff's writ of garnishment. The trial court acknowledged that employee negligence does not ordinarily establish good cause for failing to timely file a response, but concluded that Morgan Stanley had asserted a meritorious defense sufficiently strong to lessen the required showing of good case and, accordingly, granted Morgan Stanley's motion to set aside the default. The trial court subsequently granted defendants' objection to the garnishment of Account No. 644 for the reason that it was a business account held by a non-party entity. The court did not consider defendants' objection to the garnishment of Account No. 808 because plaintiff had issued a new writ of garnishment.

## I. SETTING ASIDE THE DEFAULT

Plaintiff argues that the trial court erred by setting aside the default because Morgan Stanley failed to establish good cause for failing to timely file a garnishee disclosure. We review for an abuse of discretion the trial court's decision to set aside a default or default judgment. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999). An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). We review de novo whether the trial court properly interpreted and applied the applicable court rules. *Brecht v Hendry*, 297 Mich App 732, 736; 825 NW2d 110 (2012).

MCR 3.101 governs post-judgment garnishment proceedings. MCR 3.101(D) and (F) set forth the procedure for serving a writ of garnishment on the defendant garnishee. MCR 3.101(H)(1) requires the garnishee to "mail or deliver to the court, the plaintiff, and the defendant, a verified disclosure within 14 days after being served with the writ." It is undisputed that Morgan Stanley failed to file the required disclosure within the 14-day period. "If the garnishee fails to disclose or do a required act within the time limit imposed, a default may be taken as in other civil actions." MCR 3.101(S)(1).

MCR 2.603(A)(1) provides that "[i]f a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk must enter the default of that party." MCR 2.603(D)(1) provides:

> A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

Plaintiff argues that the trial court erred by relying on Morgan Stanley's proffered meritorious defense to excuse the necessity of establishing good cause. As plaintiff correctly observes, the requirements of "good cause" and a "meritorious defense" are separate

requirements, both of which must be satisfied before a court may set aside a default. *Alken-Ziegler*, 461 Mich at 233-234. However, the strength of a meritorious defense may affect the "good cause" showing that is necessary, and "if a party states a meritorious defense that would be absolute if proven, a lesser showing of 'good cause' will be required than if the defense were weaker, in order to prevent a manifest injustice." *Id.* at 234. As this Court noted in *Shawl v Spence Brothers, Inc*, 280 Mich App 213, 238; 760 NW2d 674 (2008), the following factors may be considered in determining whether there is good cause to set aside a default:

> (1) whether the party completely failed to respond or simply missed the deadline to file;

> (2) if the party simply missed the deadline to file, how long after the deadline the filing occurred;

> (3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment;

> (4) whether there was defective process or notice;

> (5) the circumstances behind the failure to file or file timely;

> (6) whether the failure was knowing or intentional;

> (7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4);

> (8) whether the default judgment results in an ongoing liability (as with paternity or child support); and

> (9) if an insurer is involved, whether internal policies of the company were followed.

Although plaintiff is correct that negligence generally does not establish good cause for setting aside a default, see *Park v American Cas Ins Co*, 219 Mich App 62, 67; 555 NW2d 720 (1996), whether good cause exists must be determined by the totality of the circumstances, *Shawl*, 280 Mich App at 237. Here, Morgan Stanley did not completely fail to respond, but simply missed the deadline for filing the garnishee disclosure. It attempted to file the disclosure within two weeks of the entry of default. It also immediately moved to set aside the default. There is no indication that the failure to timely file the disclosure was knowing or intentional. The potential amount of the default judgment ($117,988) is sizeable, and approximately $40,000 more than the assets held by Morgan Stanley ($77,216) that allegedly are subject to garnishment. These factors support the existence of good cause to set aside the default, independent of the meritorious-defense requirement. The trial court did not abuse its discretion by finding that the totality of circumstances pertaining to good cause, in conjunction with the meritorious defense, justified setting aside the default.

Plaintiff also argues that the trial court erred by finding that Morgan Stanley satisfied the meritorious-defense requirement because it did not supply an affidavit supporting its proffered

-3-

meritorious defense. Because plaintiff did not raise this argument in the trial court, it is unpreserved. Therefore, plaintiff is not entitled to appellate relief absent a plain error affecting its substantial rights. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). Plaintiff relies on MCR 2.603(D)(1), which provides that a motion to set aside a default, except for lack of jurisdiction, "shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." Although Morgan Stanley did not submit an affidavit setting forth its meritorious defense, the facts relevant to its proffered defense were set forth in an exhibit attached to its disclosure, and its counsel signed a statement declaring the information to be truthful. An attorney's signature on a document constitutes a certification that he or she has read the document, and that the document is well grounded in fact to the best of his or her knowledge. See MCR 2.114(D). Because the disclosure and attached exhibit gave notice to plaintiff of the relevant facts in support of Morgan Stanley's proffered meritorious defense, plaintiff's substantial rights were not violated by the trial court's acceptance of the documents in satisfaction of the "affidavit of fact" requirement in MCR 2.603(D).

Plaintiff also argues that Morgan Stanley did not raise a meritorious defense because at least one of the accounts, Account No. 808, was subject to garnishment. This issue was not preserved in the trial court. Morgan Stanley's argument that defendants did not have an interest in Account No. 644 would be an absolute defense if proven. With respect to Account No. 808, Morgan Stanley pointed out that the writ of garnishment was issued solely in the name of defendant Widmyer, individually, but Account No. 808 was held in the name of the trustee, for the benefit of the Widmyer Trust. Arguably, this defense also would be absolute if proven. In any event, the trial court was justified in finding that the existence of a meritorious defense with respect to at least one of the Morgan Stanley accounts was sufficient to support setting aside the default. The trial court's decision did not fall outside the range of principled outcomes, and because setting aside the default did not prevent plaintiff from pursuing its claim that one or both accounts were subject to garnishment, the decision did not affect plaintiff's substantial rights.

II. SETTING ASIDE THE GARNISHMENT WITH RESPECT TO ACCOUNT NO. 644

Plaintiff argues that the trial court erred by granting defendants' objections to the garnishment of Account No. 644 and ordering that Morgan Stanley lift the freeze on this account. Because plaintiff did not respond to defendants' objections, or appear at the hearing on defendants' objections, this issue is not preserved. Accordingly, plaintiff has the burden of demonstrating a plain error affecting its substantial rights. *Kern*, 240 Mich App at 336.

We disagree with plaintiff's argument that defendants' objection to the garnishment was invalid as a matter of law because it was not based on any ground recognized in MCR 3.101(K)(2). Defendants argued that the garnished accounts were not subject to garnishment because they were not owned by the individual defendant named in the writ of garnishment. This objection is within the scope of MCR 3.101(K)(2)(f) ("the garnishment was not properly issued or is otherwise invalid"), because a garnishment of property in which the alleged debtor does not have an interest is invalid.

Plaintiff further argues that the trial court erred by accepting defendants' argument that Account No. 644 was not subject to garnishment because defense counsel stated at the hearing that defendant Widmyer needed funds from Account No. 644 to pay for his wife's medical

-4-

expenses. Counsel stated that the freeze on Account No. 644 forced Widmyer to borrow money to pay for his wife's medical care. Because plaintiff did not appear at the hearing, this statement was not further explored in the trial court. Counsel's statement was not an admission of an ownership interest in Account No. 644 by Widmyer, and plaintiff did not provide any evidence indicating that the account did not belong to the named non-party business entity, as defendants and Morgan Stanley all claimed. Consequently, plaintiff has failed to satisfy its burden of demonstrating a plain error affecting its substantial rights.

Affirmed. Garnishee defendant Morgan Stanley, having prevailed on appeal, may tax its costs pursuant to MCR 7.219.


/s/ Kathleen Jansen
/s/ Michael J. Talbot
/s/ Deborah A. Servitto