# STATE OF MICHIGAN

# COURT OF APPEALS

LANSING ICE AND FUEL COMPANY,

      Plaintiff-Appellee,

v

ROY SMITH,

      Defendant-Appellant.

UNPUBLISHED
April 11, 2017

No. 328648
Eaton Circuit Court
LC No. 15-000346-CZ

Before: BORRELLO, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

The trial court denied defendant's motion to set aside a default judgment. This court denied defendant's application for leave to appeal. *Lansing Ice & Fuel Co v Smith*, unpublished order of the Court of Appeals, entered October 23, 2015 (Docket No. 328648). Defendant then applied for leave to appeal to the Michigan Supreme Court, which, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. *Lansing Ice & Fuel Co v Smith*, 500 Mich 870; 885 NW2d 296 (2016). For the reasons set forth in this opinion, we reverse and remand for further proceedings.

## I. BACKGROUND

Plaintiff filed a three-count complaint against defendant, alleging that he had failed to pay $9,148.09 due on his open gas charge card account with plaintiff, that he had been unjustly enriched as a result, and that his failure to pay constituted conversion. When defendant did not answer the complaint by the date it was due, the trial court entered a default judgment in the amount of $27,714.97, which represented treble damages, filing and attorney fees, and a 1.7% time-price differential.

Defendant moved to set aside the default. In his attached affidavit, he averred that plaintiff had issued him two gas cards that he used to buy fuel. Defendant stated that he realized that his cards had been stolen in mid-October 2013, after which he called plaintiff and asked to have both cards canceled and one replacement card sent. Defendant averred that when his son called in February 2014 to ask why plaintiff's bill was so much higher than normal, defendant realized that plaintiff had sent him two replacement cards instead of one and that one card had, he alleged, been taken by his nephew, who used the card for his and his girlfriend's benefit. Defendant stated that when the unauthorized use came to his attention, he "immediately"

-1-

reported the theft to the sheriff's department and to plaintiff. Defendant claimed that one of plaintiff's agents told him that plaintiff intended to keep the second card active in hopes of catching defendant's nephew and his girlfriend using the card.

According to defendant, he "had every intention" of defending against the lawsuit and had missed the deadline to answer the complaint for good cause. He explained he was "suffering from physical and mental illness" and "was also under a great deal of stress" while preparing for the criminal trial regarding the unauthorized use of the card in issue. Plaintiff denied defendant's assertion that he had notified plaintiff about the fraudulent card use in February 2014. Plaintiff's president maintained that defendant first contacted plaintiff about the card theft in April 2014, and that there was no information or record of plaintiff having agreed to keep defendant's account open in order to identify the fraudulent user(s). Defendant's account was closed for nonpayment in February 2015.

The trial court held that defendant had not shown good cause for failing to timely answer the complaint. The court stated that because defendant was unemployed as a result of his disability, he had "a substantial amount of time" in which he could have responded. The trial court also determined that defendant would not suffer manifest injustice if the default were not set aside because he could sue his nephew and his girlfriend for any unauthorized charges. Lastly, the court held that defendant had not established a meritorious defense, stating that although defendant sought to blame others for the amounts charged to his account, defendant was ultimately responsible for paying the bills incurred. Defendant moved for reconsideration, which the court denied on the ground that he had not demonstrated a palpable error. This appeal ensued.

## II. ANALYSIS

Defendant argues that the trial court erred in denying his motion to set aside the default judgment.

A trial court's decision on a motion to set aside a default is reviewed for an abuse of discretion. *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003). A decision constitutes an abuse of discretion if it was outside the range of reasonable and principled outcomes. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). A court also abuses its discretion when it errs as a matter of law. *In re Waters Drainage District*, 296 Mich App 214, 220; 818 NW2d 478 (2012).

A party's motion to set aside a default judgment may be granted if the party shows good cause and files an affidavit of facts showing a meritorious defense. MCR 2.603(D)(1); *Saffian*, 477 Mich at 14.

> Good cause sufficient to warrant setting aside a default or a default judgment includes: (1) a substantial defect or irregularity in the proceeding on which the default was based, (2) a reasonable excuse for the failure to comply with requirements that created the default, or (3) some other reason showing that manifest injustice would result if the default or default judgment were allowed to stand. [*Park v Am Cas Ins Co*, 219 Mich App 62, 67; 555 NW2d 720 (1996).]

"[I]f a party states a meritorious defense that would be absolute if proven, a lesser showing of 'good cause' will be required than if the defense were weaker, in order to prevent a manifest injustice." *Alken-Ziegler v Waterbury Headers Corp*, 461 Mich 219, 230; 600 NW2d 638 (1999).

In determining whether a meritorious defense was established, a court should consider whether the affidavit of meritorious defense contains evidence that:

> (1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement;

> (2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or

> (3) the plaintiff's claim rests on evidence that is inadmissible. [*Shawl v Spence Bros, Inc*, 280 Mich App 213, 239; 760 NW2d 674 (2008).]

Defendant established a meritorious defense to at least one of the claims in the complaint—i.e. the conversion claim, which formed the basis for the treble damages award.

Plaintiff conversion claim was based on MCL 570.15, which was repealed effective March 1, 1982. 1980 PA 303. Specifically, plaintiff alleged as follows:

> Funds received by Defendant related to construction projects on which Plaintiff's fuel was used or incorporated, are trust funds and the property of Plaintiff.

> [] Defendant has wrongfully defalcated and misappropriated trust funds or are using the funds for his own use and benefit.

> [] [T]he actions of Defendant in violation of MCL 570.15 and defalcation of trust funds amount to an act to convert the property for his own use and benefit and to the detriment of Lansing Ice.

> The acts of Defendant constitute conversion of Plaintiff's property without Plaintiff's consent.

> Pursuant to MCL 600.2919a and the laws of the State of Michigan, Lansing Ice is entitled to recover damages in the amount of three (3) times the amount of actual damages, which actual damages for materials are $9,148.09. . . .

Thus, plaintiff's conversion claim was predicated, in part, on its allegation that defendant violated MCL 570.15. Plaintiff's claim with respect to MCL 570.15 failed as a matter of law, as defendant averred in his affidavit. Specifically, MCL 570.15 was a subsection of the mechanic's lien statute that was repealed effective March 1, 1982. See 1980 PA 497. Thus, plaintiff's statutory conversion claim failed as a matter of law and defendant established a meritorious defense to the claim. *Shawl*, 280 Mich App at 239.

Similarly, plaintiff established a meritorious defense to the statutory conversion claim alleged under MCL 600.2919a. MCL 600.2919a provides a statutory conversion claim that is separate and distinct from a common law conversion claim, but which necessarily incorporates the elements of a common-law conversion claim. See *Aroma Wines v Columbian Distrib*, 497 Mich 337, 361-362; 871 NW2d 136 (2015). MCL 600.2919a provides in pertinent part that "[a] person damaged as a result of . . . the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees: (a) Another person's . . . *converting property to the other person's own use*" (emphasis added). Our Supreme Court has held that "conversion 'to the other person's own use' requires a showing that the defendant employed the converted property for some purpose personal to the defendant's interests . . . even if that purpose is not the object's ordinarily intended purpose." *Aroma Wines*, 497 Mich at 338-339. This necessarily requires a preliminary showing that the defendant converted property. See *id*.

"Conversion may occur when a party properly in possession of property uses it in an improper way, for an improper purpose, or by delivering it without authorization to a third party." *Dep't of Agriculture v Appletree Mktg, LLC*, 485 Mich 1, 14; 779 NW2d 237 (2010). "Money is treated as personal property, and an action may lie in conversion of money provided that 'there is an obligation to keep intact or deliver the specific money in question, and where such money can be identified." *Dunn v Bennett*, 303 Mich App 767, 778; 846 NW2d 75 (2013) (quotation marks and citations omitted). "To support an action for conversion of money, the defendant must have obtained the money *without the owner's consent to the creation of a debtor-creditor relationship*, and must have had an obligation to return the specific money entrusted to his care." *Lawsuit Fin, LLC v Curry*, 261 Mich App 579, 591; 683 NW2d 233 (2004) (citation and quotation marks omitted) (emphasis added).

In this case, defendant obtained the funds to purchase the gasoline with plaintiff's consent to the creation of a debtor-creditor relationship. *Id*. Plaintiff did not allege facts or cite any evidence to show that defendant's alleged breach of the contract governing the charge card was separate and distinct from the duties owed pursuant to his cardholder agreement. Here, plaintiff alleged that defendant breached the cardholder agreement by failing to timely make the monthly minimum payments due on the card. The cardholder agreement formed a debtor-creditor relationship; therefore, plaintiff could not establish that defendant converted property—i.e. money, *Curry*, 261 Mich App at 591, which was necessary to advance a claim under MCL 600.2919a. In short, the statutory conversion claim failed as a matter of law and plaintiff was not entitled to treble damages. Because defendant established a meritorious defense to the conversion claim, "a lesser showing of 'good cause'" was required in order to "prevent a manifest injustice." *Alken-Ziegler*, 461 Mich at 230.

Applying the relevant factors set forth in *Shawl*, 280 Mich at 238, indicates that defendant met the threshold showing of good cause to set aside the default to prevent manifest injustice. Here, defendant missed the deadline for filing as opposed to failing to completely respond and he responded shortly after the deadline by promptly filing a motion to set aside the default. *Shawl*, 280 Mich at 238. While there was no defective process or notice, there was no indication that defendant's failure was knowing or intentional. *Id*. Rather, it appears that defendant was mistaken about the date he was served and he incorrectly informed Legal Services about the date on which he was served. Finally, factor (7) concerns the size of the judgment. *Id*. Plaintiff was awarded treble damages based on a conversion claim that failed as a matter of law.

As discussed above, plaintiff relied on a repealed statute to support a conversion claim, MCL 570.15, and plaintiff's claim under MCL 600.2919a failed as a matter of law where defendant obtained financing for his gasoline purchases via a debtor-creditor relationship. Therefore, plaintiff's conversion claim failed as a matter of law, *Curry*, 261 Mich App at 591, and plaintiff was not entitled to treble damages. The trebling of the damages resulted in a substantial judgment against plaintiff and the size of that judgement amounted to good cause to set aside the default to avoid manifest injustice. *Park*, 219 Mich App at 67.

In sum, defendant established a meritorious defense to the conversion claim and showed good cause to set aside the default judgment to avoid manifest injustice. The trial court abused its discretion in denying defendant's motion to set aside the default.[1]

Reversed and remanded for further proceedings consistent with this opinion. Defendant having prevailed, may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle

---

[1] Given our resolution of this issue, we decline to address defendant's other arguments raised on appeal.