HARTMAN *v.* ROBERTS-WALBY ENTERPRISES, INC.

APPEAL OF UNITED BONDING INSURANCE COMPANY.

DECISION OF THE COURT.

1. APPEAL AND ERROR—APPEAL AS OF RIGHT—CLAIM OF APPEAL— SETTING ASIDE DEFAULT.

Court of Appeals' order dismissing appeal claimed to be as a matter of right from default judgment in action under the dramshop act because "not timely filed" is vacated where claim of appeal was filed 14 days after entry of order denying motion for rehearing, a motion filed 7 days after entry of order denying motion to set aside default judgment, which last-mentioned motion had been filed 33 days after entry of default judgment, per DETHMERS, C. J., KELLY, BLACK, and O'HARA, JJ.; with vacation relating solely to orders denying motion to set aside default judgment and rehearing thereof, per T. M. KAVANAGH, SOURIS, and ADAMS, JJ.; with BRENNAN, J., dissenting on ground that motion to set aside default judgment was not appealable as a matter of right where not filed within 20 days of the judgment, and an application for rehearing of a motion could not rise to a higher status than the motion itself (CLS 1961, § 436.22; GCR 1963, 520, 528).

SEPARATE OPINION.

DETHMERS, C. J., and O'HARA, J.

2. APPEAL AND ERROR—CLAIM OF APPEAL—TIME OF FILING.

*Claim of appeal, filed 14 days after filing of order denying motion for rehearing, which latter motion had been filed*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 7] 4 Am Jur 2d, Appeal and Error §§ 292, 293, 295, 306. Motion or petition for rehearing in court below as affecting time within which appellate proceedings must be taken or instituted. 10 ALR2d 1075.

[3] 4 Am Jur 2d, Appeal and Error §§ 302, 303, 317, 322, 473.

[4] 4 Am Jur 2d, Appeal and Error §§ 292, 293, 295, 302, 303, 306.

[5] 4 Am Jur 2d, Appeal and Error §§ 293, 306.

[6] 30A Am Jur, Judgments §§ 648, 653, 713.

*7 days after order denying motion to set aside default judgment, which last-mentioned motion was filed 33 days after default had been taken, held, timely filed; hence, order of Court of Appeals dismissing appeal because it had not been timely filed was error (GCR 1963, 520, 528).*

SEPARATE OPINION.

KELLY AND BLACK, JJ.

3. APPEAL AND ERROR—AMENDMENT OF COURT RULES.

*Court rules should provide for filing of proof of service on opposing counsel of notice of entry of judgment from which appeal may be taken so as to accord full 20-day period for filing claim of appeal and payment of fee (GCR 1963, 803.1).*

SEPARATE OPINION.

T. M. KAVANAGH, SOURIS, AND ADAMS, JJ.

4. APPEAL AND ERROR—TIME FOR APPEAL—DETERMINED FROM DATE OF ENTRY OF JUDGMENT.

*Filing of claim of appeal from denial of motions to vacate default judgment and for rehearing within 20 days of entry of denial, but after 20 days from date of announcement of denial, held, to have been timely filed, as timeliness is determined by the dates of entry of judgments and orders, not the date the decision is announced from the bench (GCR 1963, 522.2).*

5. SAME—APPEAL AS OF RIGHT—TIMELINESS.

*Petition for rehearing motion to vacate default judgment, filed before entry of order denying motion to vacate, extended the time within which a claim of appeal as of right could be taken from denial of motion to vacate until "20 days after entry of an order denying a motion for new trial or rehearing", and claim of appeal filed 14 days after entry of order denying motion for rehearing was timely (GCR 1963, 803.1).*

DISSENTING OPINION.

BRENNAN, J.

6. APPEAL AND ERROR—APPEAL AS OF RIGHT—COURT RULE.

*Court rule giving party 1 year to move for relief from judgment does not create a new appeal as of right after the original time limits have run out (GCR 1963, 528).*

7. SAME—APPEAL AS OF RIGHT—TIMELINESS.

*Motion to set aside default judgment filed 33 days after entry of default judgment is not appealable as a matter of right, not having been filed within the 20 days of judgment, and although petition for rehearing of motion to set aside default judgment was filed within 20 days of denial of motion to set aside default judgment it was not filed within 20 days of the date of judgment and is not appealable as of right (GCR 1963, 528, 803.1).*

Appeal by leave granted from Court of Appeals Division 2; Quinn, P. J., J. H. Gillis and McGregor, JJ., order granting a motion to dismiss an appeal from Oakland. Submitted November 8, 1967. (Calendar No. 23, Docket No. 51,685.) Decided February 9, 1968.

Complaint by Charlotte Hartman against Roberts-Walby Enterprises, Inc., and its surety United Bonding Insurance Co. under the dramshop act to recover for the loss of support, comfort, and companionship of her husband. Default judgment for plaintiff. United Bonding Insurance Co. moved to set aside the default judgment. Motion denied. Defendant moved for rehearing. Motion denied. Defendant appeals. Court of Appeals granted motion to dismiss appeal. Defendant moved for rehearing of order dismissing appeal. Motion denied. Leave to appeal granted.

*George Silith,* for plaintiff.

*Caplan & Barsky (George Stone,* of counsel on appeal), for defendant United Bonding Insurance Company.

O'HARA, J. We granted leave to review an order of the Court of Appeals granting a motion to dismiss an appeal claimed as of right to that Court from the circuit court of Oakland county.

The relevant facts are as follows:

In April, 1964, plaintiff-appellee, began an action under the "dramshop" act* against the defendant tavern keeper, Roberts-Walby Enterprises, Inc., and its statutory surety defendant-appellant, United Bonding Insurance Company. Service on the surety was made pursuant to statute on the insurance commissioner. According to appellant surety company it sent the copy of the process to its general agent in Michigan. Allegedly it was lost in the mail and the first notice the general agent had of the action was a notification that a default judgment in the full amount of its statutory bond, $5,000, had been taken on May 25, 1966.

Defendant-appellant on June 27, 1966, filed a motion entitled "Motion to set aside default judgment." The motion, by its express terms, was predicated on Rules 520 and 528, GCR 1963. Appellee responsively filed an answer in opposition thereto on June 30, 1966. Several appearances before the circuit judge followed and journal entries were made reciting denials of motions to set aside the default and denials of motions for rehearings thereof, but no *order* from which jurisdictional time could be computed was entered until August 4, 1966. The order denied the prayer to set aside the default. The learned circuit judge apparently made known his intended denial from the bench and a journal entry so noted on July 11, 1966.

Appellant filed a motion for rehearing on July 18, 1966. Again, no formal order from which jurisdictional time could be computed was entered disposing of the July 18 motion until October 10, 1966. From this order appellant claimed an appeal on October 24, 1966. On November 2, 1966, appellee filed a motion to dismiss the claim of appeal as not

---

* CLS 1961, § 436.22 (Stat Ann 1965 Cum Supp § 18.993).

timely filed in accordance with the requirements of Rule 803.1, GCR 1963. In the claim of appeal, however, appellant specifically made reference to the *orders* of August 4 denying the motion to set aside the default judgment, and the order denying the motion for rehearing entered October 10, 1966. The Court of Appeals dismissed the appeal "as not timely filed," and did not specify the rule or rules which it considered to be involved.

Under these circumstances, we can only relate the proceedings to the rules specified in the initial motion filed June 27, 1966, namely, Rules 520 and 528 of GCR 1963. No failure to comply with jurisdictional time provisions of either rule appears of record.

Accordingly, and since the jurisdictional time begins to run upon the date of actual entry and that only, we are constrained to hold that the Court of Appeals erred in dismissing appellant's claim of appeal. That Court's order of dismissal is therefore vacated. Costs to the appellant.

Dethmers, C. J., concurred with O'Hara, J.

Black, J. (*concurring*). I agree with Justice O'Hara. But there is a void here, consisting of failure of the Court to face up to its error of deviation from the practical and trouble-free provisions of former Court Rule 57 (1933), as amended in 1938. The amendment of 1938 (287 Mich xliv):

"Section 1. Appeal to the Supreme Court, as of right, shall be perfected *not later than* 20 days after *the filing with the clerk of the court proof of service on opposing counsel of notice of the* entry of the judgment, decree or order appealed from, or within 20 days after the entry of any order denying a motion for a new trial or rehearing, provided such

motion is made within 20 days after the *filing with
the clerk of the court proof of service on opposing
counsel of notice of the* entry of the judgment, de-
cree or order appealed from.  The time herein pro-
vided is jurisdictional in appeals as of right.  (Sec-
tion 1 as amended April 20, 1938.)"

There is need, long since overdue, for amendment
of GCR 1963, 803.1 so that the time for appeal of
right is tolled when and only when proof of service
is filed, as provided formerly.  For want of such
an amendment, our records are disclosing too fre-
quently that parties. desiring to appeal as of right
from circuit court orders and judgments are de-
prived in fact of the professedly full 20-day period
for filing of claim of appeal and payment of fee.

KELLY, J., concurred with BLACK, J.

SOURIS, J. (*concurring in part*).  This is an ap-
peal, on our grant of leave (379 Mich 755), from
dismissal by the Court of Appeals of a claim of
appeal filed by the defendant surety.

The claim of appeal, filed October 24, 1966, re-
cites that defendant sought review of (1) a default
judgment, (2) an order denying defendant's motion
to set aside the default judgment, and (3) an order
denying defendant's petition for rehearing of its
motion to set aside the default judgment.

The circuit court's docket entries disclose that
the default judgment was entered on May 25, 1966.
No motion for new trial or rehearing ever was filed.
GCR 1963, 803.1 provides that an appeal as of right
from such a judgment, absent a motion for new
trial or rehearing, must be taken not later than 20
days after its entry.  No claim of appeal having
been taken within such 20-day period, defendant
was not entitled to claim an appeal as of right in

October from the default judgment entered in May; therefore, the Court of Appeals' dismissal of defendant's claim of appeal, insofar as it sought review of the default judgment, manifestly was correct.

That does not end the matter, however, for defendant also claimed a right of appeal from the circuit judge's denial of its motion to vacate the default judgment, made pursuant to GCR 1963, 520.4 and 528.3, and from his denial of defendant's motion for rehearing thereof.

It is not disputed that defendant had a right to appeal denial of its motion to vacate the default judgment. What is disputed is the timeliness of defendant's claim of appeal. The docket entries show that the motion was filed in June of 1966, just barely one month after entry of the default judgment. In July, the circuit judge announced from the bench his decision to deny the motion to vacate the judgment. However, the order denying the motion was not entered until August. After the circuit judge's announcement of his decision to deny the motion, but before entry of the order of denial, defendant filed a petition for rehearing thereof. That petition was denied from the bench by the circuit judge on October 3, but the order denying rehearing was not entered until October 10. Defendant's claim of appeal from the denial of its motion to vacate the default judgment and from denial of its petition for rehearing was filed 14 days later.

The decision of the Court of Appeals was that defendant's claim of appeal was not timely filed, and with this decision, as it relates to review of denial of the motion to vacate and of the motion for rehearing thereof, I disagree.

GCR 1963, 803.1 provides, in part:

".1 Appeal as of Right. Appeal to the Court of Appeals as of right in civil cases, shall be taken not later than 20 days after the entry of the judgment or order appealed from, or within 20 days after the entry of an order denying a motion for a new trial or rehearing, provided such motion is made and served (a) within 20 days after the entry of the judgment or order appealed from, or (b) within such further time as may be allowed by the trial court during such 20-day period."

It should be noted carefully that the rule measures the timeliness of the filing of a claim of appeal from the date of *entry* of the various judgments or orders referred to in the rule. GCR 1963, 522.2 defines "entry" to mean the date of signing an order or judgment:

".2 Noting on Docket. All judgments or orders signed by the clerk or judge in accordance with these rules shall be noted on the docket. The date of signing an order or judgment shall be the date of entry thereof."

In this case defendant's petition for rehearing, filed even before *entry* of the order denying its motion to vacate, satisfied proviso clause (a) of subrule 803.1 and thereby extended the time within which a claim of appeal as of right could be taken from denial of defendant's motion to vacate the default judgment until "20 days after the entry of an order denying [the] motion for * * * rehearing". Inasmuch as defendant's claim of appeal was filed on the fourteenth day after *entry* of the order denying its motion for rehearing, its claim of appeal, as it concerned the circuit judge's order denying its motion to vacate the default judgment and its motion for rehearing thereof, was timely

and in those respects should not have been dismissed by the Court of Appeals.

From a review of this record it is apparent that the Court of Appeals determined that the claim of appeal of the defendant was not timely filed by computing the time allowed for filing claims of appeal, not from the date of *entry* of the order appealed from or the order denying rehearing but, rather, from the dates the circuit judge's decisions thereon were announced from the bench. The timeliness of an appeal filed pursuant to subrule 803.1 is determined by reference to the dates of *entry* of judgments and orders, which subrule 522.2 defines as the date of signing thereof, and not from the date decision thereof is announced from the bench.

The Court of Appeals' order of dismissal should be reversed to the extent indicated in this opinion and defendant should be allowed to tax its costs.

T. M. KAVANAGH and ADAMS, JJ., concurred with SOURIS, J.

BRENNAN, J. (*dissenting*).   I must respectfully disagree with my learned Brothers. The appeal, which was dismissed by the Court of Appeals in this case, was filed on October 24, 1966. The claim of appeal was filed within 20 days of the October 10th entry of an order denying defendant's petition for a rehearing of a motion to set aside the default judgment. The default judgment was entered on May 25, 1966, and no appeal was claimed therefrom within 20 days. Later, a motion to set aside the default judgment was filed on June 27, 1966, and an order denying the motion to set aside the default judgment was entered on August 4, 1966. In the meantime, on July 18, 1966, defendant had filed a petition for rehearing of the motion to set aside

the default judgment. The applicable court rule, GCR 1963, 803.1, governing appeals as of right, limits appeals as of right from motions for rehearing to those motions for rehearing which are filed within 20 days of the judgment or order derivatively appealed from. Thus, the provision of GCR 1963, 528, giving a party one year to move for relief from a judgment does not create a new appeal as of right after the original time limits have run out. If, indeed, an order denying a petition for rehearing of a motion to set aside a default judgment is appealable as of right within 20 days, then it would also be true that an order denying a petition for rehearing of a motion for rehearing of a motion to set aside a default judgment would also be appealable as of right within 20 days. And so indeed, would an order denying a petition for rehearing of a motion for rehearing of a motion for rehearing of a motion to set aside a default judgment be appealable within 20 days as a matter of right. And so it would go on *ad infinitum*. The motion to set aside the default judgment in this case, not having been made within 20 days of the judgment itself, was not appealable as a matter of right. No petition for rehearing thereof would enjoy a higher status than the motion itself.