GENERAL ELECTRIC CREDIT CORPORATION v NORTHCOAST
MARINE, INC

Docket No. 59950. Decided February 27, 1978. On application by
defendant Bixby for leave to appeal the Supreme Court, in lieu
of granting leave to appeal, reversed the order of the Court of
Appeals and remanded for further consideration.

General Electric Credit Corporation brought actions for claim and
delivery, for enforcement of a secured credit agreement provid-
ing floor plan financing for inventory, and for other relief,
against Northcoast Marine, Inc., Carl L. Bixby, a corporate
officer, and others. The Leelanau Circuit Court, James M.
Fitzpatrick, J., granted a default judgment for the plaintiff.
Defendant Bixby's motion to set aside the default judgment on
the ground that he had not been served with process was
denied by William R. Brown, J. The Court of Appeals, Allen,
P. J., and R. B. Burns and D. E. Holbrook, Jr., JJ., dismissed the
appeal from that order, saying that the Court of Appeals lacked
jurisdiction to entertain an appeal of right because the defend-
ant's motion was not timely filed (Docket No. 31161). Defendant
Bixby applies for leave to appeal. *Held:*

The question is not the time of filing the motion to set aside
the default judgment but the timeliness of the claim of appeal
filed after denial of the motion. Defendant Bixby's appeal of
right was timely filed. Review of right was available to him,
limited to issues arising out of the denial of the motion to set
aside the default judgment. The order of the Court of Appeals
is reversed and the case is remanded for consideration of the
issues raised by defendant Bixby.

Reversed.

*Louis P. Labbe* for plaintiff.

*Fitzgerald, Young, Peters, Bruno & Bunn* for
defendant Bixby.

PER CURIAM. The question before the Court is
whether the circuit court's order denying defend-

ant Bixby's motion to set aside a default judgment is appealable as of right to the Court of Appeals. We believe it is.

I

The plaintiff (GE) filed an action in Leelanau circuit court in 1973 against two corporate defendants and six individuals. Bixby was one of the six and was sued in his capacity as an officer of both corporations and a director of one.

In the only count naming Bixby as a defendant, GE alleged fraud by the corporate defendants and sought damages of $27,500. On May 6, 1974, a default judgment entered on the count, which included a judgment against all individual defendants, jointly and severally, for $30,354.92 plus costs and attorney fees. On August 8, 1975, a writ of garnishment was issued against Bixby's bank account. On August 29, 1975, Bixby filed a motion to set aside the default judgment. He alleged that the judgment "should be set aside since he was never served with process and [the court] never obtained jurisdiction over him". The circuit court denied the motion.

Bixby filed a claim of appeal in the Court of Appeals. GE moved to dismiss the appeal for lack of jurisdiction. The Court of Appeals agreed with GE:

"for the reason that this Court lacks jurisdiction to entertain an appeal as of right from the order denying motion to set aside default judgment since said motion was not timely filed pursuant to GCR 1963, 528 and *Hartman v Roberts-Walby Enterprises, Inc,* 380 Mich 105 [155 NW2d 842] (1968)."

Bixby has now filed an application for leave to appeal.

## II

Although Bixby's motion did not identify the rule on which he based his request for relief, the circuit judge recognized that GCR 1963, 528.3(4) was the applicable rule:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (4) the judgment is void; * * * . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment order or proceeding was entered or taken."

In *Hartman, supra,* although there were four opinions, a majority of the Court accepted the proposition that there was an appeal of right after the denial of a motion to set aside a default judgment. The issue was whether the post-judgment motions were timely and therefore preserved the appeal of right.

We agree with Justice Souris' opinion in *Hartman.* He focused not on the time of filing the motion to set aside the default judgment, but the timeliness of the claim of appeal filed after denial of the motion and a timely filed motion for rehearing. He based his analysis in part on GCR 1963, 803.1 which provides:

"Appeal to the Court of Appeals as of right in civil cases, shall be taken not later than 20 days after the entry of the judgment or order appealed from, or within 20 days after the entry of an order denying a motion for a new trial or rehearing, provided such motion is

made and served (a) within 20 days after the entry of the judgment or order appealed from, or (b) within such further time as may be allowed by the trial court during such 20-day period. In criminal proceedings, appeal as of right shall be taken not later than 60 days after the entry of the judgment or order appealed from or after the entry of an order appointing appellate counsel for an indigent defendant pursuant to subrule 785.4(1), or within 60 days after the entry of any order denying a motion for new trial, provided such motion is made and served (a) within 60 days after the entry of judgment or order appealed from, or (b) within such further time as may be allowed by the trial court during such 60-day period. The time herein provided is jurisdictional in appeals as of right."

He said:

"It is not disputed that defendant had a right to appeal denial of its motion to vacate the default judgment. What is disputed is the timeliness of defendant's claim of appeal. The docket entries show that the motion was filed in June of 1966, just barely one month after entry of the default judgment. In July, the circuit judge announced from the bench his decision to deny the motion to vacate the judgment. However, the order denying the motion was not entered until August. After the circuit judge's announcement of his decision to deny the motion, but before entry of the order of denial, defendant filed a petition for rehearing thereof. That petition was denied from the bench by the circuit judge on October 3, but the order denying rehearing was not entered until October 10. Defendant's claim of appeal from the denial of its motion to vacate the default judgment and from denial of its petition for rehearing was filed 14 days later.

"The decision of the Court of Appeals was that defendant's claim of appeal was not timely filed, and with this decision, *as it relates to review of denial of the motion to vacate and of the motion for rehearing thereof,* I disagree." (Emphasis added.) 380 Mich 111.

In *People v Pickett,* 391 Mich 305, 316–318; 215 NW2d 695 (1974), we held that there existed the potential for two appeals of right in criminal cases. We developed Justice SOURIS' idea of the limited scope of review in the appeal of right from the sentence entered after a finding that the defendant violated his probation. Later in *Gherardini v Ford Motor Co,* 394 Mich 430, 431; 231 NW2d 643 (1975), we held that a post-judgment order establishing the amount of attorney fees was appealable as of right as one which "affected with finality rights of the parties".

Bixby's appeal of right was timely filed. Review as of right was available to him, limited to issues arising out of the denial of the motion to set aside the default judgment.

In lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the Court of Appeals order and remand the case to the Court of Appeals for consideration of the issues raised in Bixby's brief on appeal.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.