GAVULIC v BOYER

Docket No. 134535. Submitted June 10, 1992, at Lansing. Decided
    July 7, 1992, at 9:15 A.M.

Diane Gavulic brought an action in the Oakland Circuit Court
    against Wayne Boyer and Boyer & Associates, alleging that she
    suffered financial losses because of negligent and fraudulent
    actions of Wayne Boyer while he was her financial advisor. A
    default judgment was entered against the defendants. The
    court, John N. O'Brien, J., denied the defendants' motions to
    set aside the judgment and for reconsideration or rehearing.
    The defendants appealed.

The Court of Appeals held:

1. Inasmuch as the defendants' motion for reconsideration or
    rehearing was filed with the trial court within the twenty-one-
    day appeal period after the entry of the order denying the
    motion to set aside the default judgment and this appeal was
    taken within twenty-one days after the denial of the motion for
    reconsideration, this appeal is an appeal as of right of the order
    denying the motion to set aside the default, and any issue that
    could have been raised in a direct appeal of that order may be
    raised in this appeal.

2. Because it is uncontroverted that the plaintiff did not give
    notice of the entry of the default, good cause sufficient to
    warrant the setting aside of the default has been shown.
    Further, because the defendants have pleaded a meritorious
    defense that, if proven, would defeat the plaintiff's claim, the
    trial court abused its discretion in refusing to set aside the
    default judgment.

Reversed and remanded.

1. Appeal — Timely Appeals — Postjudgment Relief.

An appeal of an order denying a motion for postjudgment relief is
    an appeal as of right of the underlying judgment if the motion
    was filed with the trial court within twenty-one days after

References

Am Jur 2d, Appeal and Error § 127; Judgments §§ 770 *et seq.*

Appealability of order setting aside, or refusing to set aside, default
    judgment. 8 ALR3d 1272.

entry of the underlying judgment and a claim of appeal is filed within twenty-one days after entry of the order denying the motion for postjudgment relief (MCR 7.204[A][1][b]).

2. JUDGMENTS — DEFAULT JUDGMENTS — NOTICE OF DEFAULT — GOOD CAUSE.

Good cause sufficient to warrant setting aside a default or a default judgment is shown by establishing that a party seeking entry of a default failed to notify the opposing party of its entry (MCR 2.603[A][2]).

*Daguanno, Nemes & Accettura* (by *Robert F. Harrington*), for the plaintiff.

*Eric J. McCann, P.C.* (by *Eric J. McCann*), for the defendants.

Before: GRIBBS, P.J., and HOOD and C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendant Wayne Boyer[1] appeals as of right from the June 21, 1990, order of the Oakland Circuit Court denying his motion to set aside a default judgment entered on November 30, 1989, in favor of the plaintiff. We reverse.

Plaintiff's complaint alleged that she had entrusted Boyer, a financial advisor doing business as Boyer & Associates, with $84,000 to invest on her behalf. The complaint further alleged that, through Boyer's negligence and fraudulent actions, plaintiff had suffered damages at least to the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Although the action was commenced against both Wayne Boyer and Boyer & Associates, the parties have not been careful in the drafting of the various motions, orders, and briefs to make clear whether only one or both defendants were being included. We note that the default named only Wayne Boyer, while the default judgment was entered against both defendants. Further, although the claim of appeal was filed on behalf of both defendants, the defense brief on appeal was filed on behalf of Wayne Boyer only and sought relief for him alone. For ease of reference, we will speak of Wayne Boyer individually, cognizant that in many instances that reference also may include Boyer & Associates.

extent of her initial investment. Plaintiff requested judgment in an amount equal to "all damages recognized by Michigan law, well in excess of Ten Thousand ($10,000.00) Dollars," as well as her costs, interest, and attorney fees. Boyer was served with the complaint by personal service on September 14, 1989.

Shortly thereafter, Boyer's attorney contacted plaintiff's attorney to acknowledge service and to make an offer of settlement. Although the parties disagree concerning whether the offer of settlement was ever formally rejected and whether there was further contact between the attorneys, it is undisputed that Boyer took no further action to defend against plaintiff's complaint.

On November 14, 1989, a default was entered against Boyer for his failure to appear, plead, or otherwise defend. Plaintiff admits that notice of the entry of the default was not served on Boyer, nor was any service attempted. On November 30, 1989, the trial court entered a default judgment in the amount of $84,000 in favor of plaintiff and against Boyer. Pursuant to MCR 2.603(B)(4), the Oakland Circuit Court Clerk mailed notice of the entry of the default judgment to Boyer on December 7, 1989. Boyer denies ever receiving notice of the entry of the default or the default judgment.

On February 13, 1990, apparently after receipt of a subpoena directing him to appear at a creditor's examination, Boyer filed a motion seeking to set aside the default judgment. In support of his motion, Boyer argued that his attorney's calls to plaintiff's attorney constituted an appearance, entitling him to notice of plaintiff's intention to enter a default judgment at least seven days before entry of the judgment, and that plaintiff's failure to notify him of the entry of default violated the applicable court rule. Boyer asserted that these

facts constituted good cause, which, in conjunction with his affidavit of meritorious defense, required that the default judgment be set aside in accordance with MCR 2.603(D).

Plaintiff's answer denied that Boyer's attorney had ever expressed an intent to represent him. While plaintiff admitted that no notice of the entry of the default had been given and stipulated setting aside the entry of the default, she also argued that Boyer's motion failed to show either good cause or a meritorious defense sufficient to set aside the default judgment.

The trial court, after a hearing, denied Boyer's motion to set aside the default by its order of June 21, 1990. On July 12, 1990, Boyer filed a motion for rehearing, reasserting his earlier arguments. Following an adjournment because of the trial court's unavailability and a hearing held on September 12, 1990, the trial court denied Boyer's motion for reconsideration by its order entered on October 25, 1990. Boyer then filed a claim of appeal with this Court on November 1, 1990.

We first note that our consideration of the trial court's denial of Boyer's motion to set aside the default judgment is appropriate. Although plaintiff asserts that our review is limited to a review of the trial court's exercise of discretion in denying Boyer's motion for reconsideration, she does not consider MCR 7.204(A)(1)(b), which allows an appeal within twenty-one days after the entry of an order denying a motion for rehearing or reconsideration filed within the original appeal period. Because Boyer's motion for reconsideration was filed within the appeal period after the denial of the motion to set aside the default judgment and his appeal from the order denying his motion for reconsideration was timely, appellate review of the

original order denying relief from the default judgment is appropriate.[2]

We now turn to the merits of this case. Essentially, Boyer argues that plaintiff's failure to provide notice of the default renders the default invalid, that a default judgment may not be entered if based upon an invalid default, and that because of these defects and his showing of good cause and a meritorious defense, the trial court abused its discretion in denying the motion to set aside the default. We agree with Boyer's ultimate conclusion and, accordingly, reverse the decision of the trial court.

While the policy of this state generally favors the meritorious determination of issues and, therefore, encourages the setting aside of defaults, the trial court's decision regarding whether to set aside a default will not be disturbed on appeal absent an abuse of discretion. *Marposs Corp v Autocam Corp,* 183 Mich App 166, 170-171; 454 NW2d 194 (1990). Pursuant to MCR 2.603(D)(1), a "motion to set aside a default or default judgment, except when grounded on a lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

Good cause sufficient to warrant the setting aside of a default or default judgment includes (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements that created the default, or (3) some

---

[2] While we note that Boyer's motion for rehearing was not filed within the fourteen-day period mandated by MCR 2.119(F)(1), we conclude that plaintiff's failure to object to its timeliness before the trial court precludes consideration of any arguments related to that issue on appeal. Failure to raise an argument before the trial court precludes its consideration on appeal. *Bloemsma v Auto Club Ins Ass'n (After Remand),* 190 Mich App 686, 692; 476 NW2d 487 (1991).

other reason showing that manifest injustice would result if the default and the resulting default judgment were allowed to stand. *Lindsley v Burke,* 189 Mich App 700, 702; 474 NW2d 158 (1991).

The entry of a default is generally a ministerial act. *Alycekay Co v Hasko Construction Co, Inc,* 180 Mich App 502, 506; 448 NW2d 43 (1989). Nonetheless, pursuant to MCR 2.603(A)(2), the defaulted party is entitled to notice of the entry of the default after the entry. The apparent intention of this notice requirement is to enable the defaulted party to choose whether to move to set aside the default. See, e.g., *White v Sadler,* 350 Mich 511, 519; 87 NW2d 192 (1957); *Deeb v Berri,* 118 Mich App 556, 562; 325 NW2d 493 (1982). Although there are no reported cases addressing the consequences of the failure to provide notice of the entry of default, it is well settled that a failure to notify a party entitled to notice of the impending entry of a default judgment constitutes a substantial defect in the proceedings and, accordingly, good cause. *Perry v Perry,* 176 Mich App 762, 769-771; 440 NW2d 93 (1989); *Deeb, supra* at 565.

We believe that a failure to notify a party of an entry of a default, in violation of MCR 2.603(A)(2), is also sufficient to show a substantial defect in the proceedings. Without knowledge of the entry of a default, a party situated similarly to the way in which Boyer asserts he found himself in this matter may find himself engaged in an attempt to resolve a dispute while the litigation proceeds without him. Given plaintiff's admission that she failed to notify Boyer of the entry of the default, we believe that good cause warranting the setting aside of the default judgment has been shown.

Given this conclusion, we decline to address

Boyer's contentions that the actions of his attorney in this matter were sufficient to constitute an appearance or that plaintiff's complaint did not state a specific amount demanded, either of which, if shown, would entitle him to notice of the impending entry of a default judgment. MCR 2.603(B)(1)(a).

However, to be entitled to have the default judgment set aside, Boyer also was required to show, by an affidavit of fact, that there exists a meritorious defense to plaintiff's claim. Boyer, in his affidavit, admitted that he had managed several investments on plaintiff's behalf, but maintained that he had informed her of the risks associated with the investments and that he had acted prudently and in plaintiff's best interests, and denied that he had engaged in either negligent or fraudulent conduct. Finally, Boyer denied that his fault had caused plaintiff's losses.

Simply put, we believe that Boyer has set forth sufficiently a meritorious defense to plaintiff's claims. If proven at trial, the asserted defenses would preclude liability on plaintiff's claims. If Boyer informed plaintiff of the risks inherent in the investment and engaged in neither negligent nor fraudulent conduct, plaintiff is not entitled to recover even the amount of her initial investment. See, e.g., *Leib v Merrill Lynch, Pierce, Fenner & Smith, Inc,* 461 F Supp 951, 952-954 (ED Mich, 1978)(describing the duties owed by a stockbroker to an investor).

Because Boyer showed both good cause and a meritorious defense to plaintiff's claims, we conclude that the trial court abused its discretion in denying the motion to set aside the default judgment. Accordingly, we reverse and remand this matter for further proceedings.