ALLIED ELECTRIC SUPPLY COMPANY, INC v TENAGLIA

Docket No. 111692. Decided November 30, 1999. On application by the defendants for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the dismissal order entered by the Court of Appeals.

Allied Electric Supply Company, Inc., brought an action in the Oakland Circuit Court against Gary P. Tenaglia and G. T. Einstein Electric, Inc., alleging breach of contract and seeking damages and other relief. No answer was filed. The plaintiff subsequently entered the defendants' default, and obtained a default judgment against them. Twenty-one days later, the defendants moved to have the judgment set aside. Following a hearing, the court, Nanci J. Grant, J., denied the motion, and later denied reconsideration. The Court of Appeals, in an unpublished order, CORRIGAN, J., dismissed the claim of appeal on the ground that it had not been filed within the time restriction set forth in MCR 7.204(A)(1), and later in another unpublished order, BANDSTRA, J., denied rehearing, stating that MCR 7.204(A)(1)(b) allows the time for filing a claim to be extended by only one timely postjudgment motion (Docket No. 204839). The defendants appeal.

In a memorandum opinion, signed by Chief Justice WEAVER, and Justices TAYLOR, YOUNG, and MARKMAN, the Supreme Court *held*:

Because an order denying a motion to set aside a default judgment is no longer deemed a final judgment, a motion for reconsideration that is filed more than twenty-one days after the final judgment does not extend the time for taking an appeal of right. After entry of a default judgment, a party needs to file a motion to set aside the judgment within twenty-one days (or get an extension within that period) in order later to be able to take an appeal of right from an adverse decision on the motion. A motion for reconsideration of an order denying a motion to set aside a judgment will not extend the time further unless that motion is filed within the same initial twenty-one-day period or within a further period granted by the court within the initial twenty-one-day period.

The default judgment in this case was the final judgment, and the motion to set it aside was a timely postjudgment motion that deferred the appeal period under MCR 7.204(A)(1)(b). The defini-

tion of a final judgment or a final order found in MCR 7.202(7)(a)(i) took effect January 1, 1996, superseding prior case law, which had indicated that a denial of a motion to set aside a default judgment is appealable by right.

Affirmed.

Justice KELLY, joined by Justice CAVANAGH, dissenting, stated that the defense attorney in this case reasonably and in good faith relied upon published decisions of the Court of Appeals, cases that were not expressly overruled when the Supreme Court amended MCR 7.202(7)'s definition of "final judgment." Furthermore, the relevant court rules, before the amendments set forth in this case, were not models of clarity. Because the Supreme Court contributed to the attorney's confusion, the attorney should not be required to suffer because of it.

Although the cross-referencing in the amended rules could prevent the loss of an appeal in a case similar to this case, another harsh result lurks within the rules. The "one final judgment principle" adopted in the October 19, 1995, amendment of MCR 7.202 can effectively cut off a litigant's appeal as of right from a default judgment. Some default judgments are entered because the defendants do not receive actual notice of the action in time to file an answer. If such defendants also receive no notice of the default judgment until more than twenty-one days after entry of the order, the court rules deny them an appeal as of right. While they may seek leave to appeal, the "one final judgment principle" has an especially harsh effect in the context of default judgments. The situation constitutes a denial of access to the court system, and should not be condoned.

Justice CORRIGAN took no part in the decision of this case.

*Thomas J. Ryan, P.C.,* for the defendants-appellants.

MEMORANDUM OPINION. In late 1996, the plaintiff sued the defendants, alleging a breach of contract and asking for damages of $75,000, together with other relief. Several months later, the plaintiff obtained an ex parte order that allowed substituted service. Service was then accomplished, but no answer was filed.

In April 1997, the plaintiff entered the defendants' default, and obtained a default judgment against them

in the amount of $75,000, plus approximately $1,800 in costs, interest, and attorney fees.

Twenty-one days after entry of the default judgment, the defendants moved to have it set aside. Their motion was accompanied by an affidavit of meritorious defense. MCR 2.603(D)(1).

Nineteen days after the motion was filed, the circuit court conducted a hearing. At the conclusion, the court stated that the motion would be denied. Sixteen days later, the denial order was entered.

Thirteen days after the denial order, the defendants moved for reconsideration. Without conducting another hearing, the circuit court denied the motion for reconsideration four days after it was filed.

The defendants filed a claim of appeal seventeen days after the circuit court order denying reconsideration. The claim was filed thirty-four days after the circuit court denied the motion to set aside the default judgment.

The Court of Appeals dismissed the claim on the ground that it had not been filed within the time restriction set forth in MCR 7.204(A)(1).[1] In both the

---

[1] In pertinent part, that subrule provides:

Time Requirements. The time limit for an appeal of right is jurisdictional. The provisions of MCR 1.108 regarding computation of time apply.

(1) An appeal of right in a civil action must be taken within

(a) 21 days after entry of the judgment or order appealed from;

(b) 21 days after the entry of an order denying a motion for new trial, a motion for rehearing or reconsideration, or a motion for other postjudgment relief, if the motion was filed within the initial 21-day appeal period or within further time the trial court may have allowed during that 21-day period; or

(c) another time provided by law.

dismissal order[2] and a second order denying rehearing,[3] the Court of Appeals stated that MCR 7.204(A)(1) allows the time for filing a claim to be extended by only one timely postjudgment motion.

The defendants have applied to this Court for leave to appeal.

The Court of Appeals has jurisdiction of an appeal of right from a "final judgment" or a "final order." MCR 7.203(A)(1). These, in turn, are defined as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order . . . ." MCR 7.202(7)(a)(i). Thus the default judgment in this case was the final judgment, and the motion to set it aside was a timely postjudgment motion that deferred the appeal period under MCR 7.204(A)(1)(b).

The definition of a final judgment or a final order found in MCR 7.202(7)(a)(i) took effect January 1, 1996.[4] The definition supersedes prior case law, which had indicated that a denial of a motion to set aside a default judgment is appealable by right. *General Electric Credit Corp v Northcoast Marine, Inc*, 402 Mich 297; 262 NW2d 660 (1978). Because an order denying a motion to set aside a default judgment is no longer deemed a final judgment, a motion for reconsideration that is filed more than twenty-one days after the final judgment[5] does not extend the

---

[2] Unpublished order entered September 15, 1997 (Docket No. 204839).

[3] Unpublished order entered February 23, 1998 (Docket No. 204839).

[4] 450 Mich clv (1995).

[5] To be precise, we speak here of a motion for reconsideration that is filed "within the initial 21-day appeal period or within further time the trial court may have allowed during that 21-day period . . . ." MCR 7.204(A)(1)(b).

time for taking an appeal of right. Thus, the cases on which the defendants rely are likewise superseded by the amendment of the court rule, and overruled by our decision today. *Adams v Perry Furniture Co (On Remand)*, 198 Mich App 1, 4-7; 497 NW2d 514 (1993); *Gavulic v Boyer*, 195 Mich App 20, 23-24; 489 NW2d 124 (1992). We caution practitioners to be aware of the effect that the court rule has in this situation. After entry of a default judgment, a party needs to file a motion to set aside within twenty-one days (or get an extension within that period) in order later to be able to take an appeal of right from an adverse decision on the motion. And, as illustrated in this case, a motion for reconsideration of an order denying a motion to set aside will not extend the time further unless that motion is filed within the same initial twenty-one-day period (or within a further period granted by the court within the initial twenty-one-day period).

For these reasons, we affirm the order in which the Court of Appeals dismissed the defendants' claim of appeal.

However, the defendants may, within twenty-one days of this opinion, file an application in the Court of Appeals, seeking leave to appeal. This partial relief is provided because the structure of the rules was not ideal,[6] and the existence of prior published Court of Appeals cases that appear to be on point, particularly

---

[6] Effective January 1, 1996, this Court amended the MCR 7.202(7) definition of a "final judgment," which ties into the MCR 7.203(A) jurisdiction of the Court of Appeals. But the time-requirement rule, MCR 7.204(A) does not include the phrase "final judgment," and it is possible that a reasonable practitioner might not have occasion to consult the amended definition of that term or to read Justice LEVIN's explanatory dissent. 450 Mich clvi-clix (1995).

*Gavulic*, created the possibility of confusion.[7] MCR 7.302(F)(1).

Finally, we amend MCR 7.203 and 7.204, effective today, in order to clarify this procedural point. By virtue of this amendment, the emphasized language is added, and these provisions now read:

Rule 7.203. Jurisdiction of the Court of Appeals.

(A) Appeal of Right. The court has jurisdiction of an appeal of right filed by an aggrieved party from the following:

(1) A final judgment or final order of the circuit court, court of claims, and recorder's court, as defined in MCR 7.202(7) except a judgment or order of the circuit court or recorder's court

(a)-(b) [Unchanged.]

(2)-(3) [Unchanged.]

(B)-(F) [Unchanged.]

Rule 7.204. Filing Appeal of Right; Appearance.

(A) Time Requirements. The time limit for an appeal of right is jurisdictional. See MCR 7.203(A). The provisions of MCR 1.108 regarding computation of time apply.

(1)-(2) [Unchanged.]

(B)-(H) [Unchanged.]

---

[7] It further appears that this matter has not been flagged in Martin, Dean & Webster, Michigan Court Rules Practice, the leading commentary on our court rules. On page 20 of the 1998 pocket part, the authors' first comment to MCR 7.204 reads:

If a motion for reconsideration is timely filed, and a claim of appeal is timely filed upon denial of that motion, the Court of Appeals has jurisdiction to consider the merits of the original order denying relief. Appellate review is not limited to the narrow question of whether or not the trial court abused its discretion in denying the motion for reconsideration. See MCR 7.204(A)(1)(b) and *Gavulic v Boyer* [*supra*].

WEAVER, C.J., and TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

KELLY, J. (*dissenting*). Today the majority provides some measure of relief to appellants for loss of their appeal as of right and takes steps to prevent similar losses to future litigants. It does this by giving the present appellants twenty-one days to file an application with the Court of Appeals seeking leave to appeal.

Also, it amends MCR 7.203(A)(1) to cross-reference MCR 7.202(7)'s definition of final judgment and amends MCR 7.204(A) to cross-reference MCR 7.203(A). In this way future litigants will be put on notice that an appeal of right must be filed (1) within twenty-one days of a final judgment or a final order or (2) within twenty-one days of entry of the last order denying a postjudgment motion filed within the initial twenty-one-day period.

However, the defense attorney in this case reasonably and in good faith relied upon published decisions of the Court of Appeals. These cases were not expressly overruled when this Court amended MCR 7.202(7)'s definition of "final judgment." Furthermore, the relevant court rules, before our amendments today, were not a model of clarity. The defense attorney lost his clients' appeal as of right, may also be denied on appeal by leave, and may be liable for malpractice as a result. This Court contributed to the attorney's confusion, and the attorney should not be required to suffer because of it.

As to future litigants, although the cross-referencing could prevent the loss of an appeal in a case similar to the instant case, another harsh result

lurks within the court rules. The "one final judgment principle" adopted by this Court in its October 19, 1995, amendment of MCR 7.202 can effectively cut off a litigant's appeal as of right from a default judgment.

Some default judgments are entered because the defendants do not receive actual notice of the action in time to file an answer. If such defendants also receive no notice of the default judgment until more than twenty-one days after entry of the order, the court rules deny them an appeal as of right. Certainly, they may seek leave to appeal. Nonetheless, the "one final judgment principle" has an especially harsh effect in the context of default judgments.

I believe this situation constitutes a denial of access to the court system, and, as such, should not be condoned. The Court should release for public comment and hearing a proposed amendment of MCR 7.203(A). The amendment should provide for an appeal as of right from an order denying a motion to set aside a default judgment. It should be available where the defaulted party did not make an appearance before entry of the judgment.

Although the actions of the present appellants were in error, they were reasonable. They were based on published case law that had not been expressly overruled and an understandable confusion regarding the effects of MCR 7.202(7)'s amendment. I disagree that as a result of their reasonable actions the defendants should lose their appeal as of right, especially since they may yet be denied an appeal by leave. Therefore, I would reverse the decision of the Court of Appeals and remand as on leave granted.

CAVANAGH, J., concurred with KELLY, J.

CORRIGAN, J., took no part in the decision of this case.