*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GRAF PROPERTIES, LLC, a Michigan limited liability corporation, ELISABETH GRAF SHAFA, MARK GRAF, and TAMARA GRAF,

Plaintiffs-Appellees,

v

MICHAEL GRAF, JR.,

Defendant-Appellant.

UNPUBLISHED
January 21, 2020

No. 346212
Benzie Circuit Court
LC No. 17-010792-CH

Before: BOONSTRA, P.J., and TUKEL and LETICA, JJ.

PER CURIAM.

Defendant appeals by right the default judgment entered by the trial court in favor of plaintiffs on October 12, 2018. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiffs Elisabeth Graf Shafa (Elisabeth), Mark Graf (Mark), and Tamara Graf (Tamara), as well as defendant Michael Graf (Michael), are members of Graf Properties, LLC (Graf).[1] On December 11, 2017, plaintiffs filed a complaint against Michael, another individual (Jerome Springman), and what the complaint termed an "unincorporated and fictitious entity" named Dode Group CTO (Dode). The complaint sought to quiet title to four parcels of real property owned by Graf and to void liens that had been recorded against the property by Dode and Springman. The complaint also alleged that defendant had conspired with Dode and Springman to slander title to these properties in order to prevent the properties from being sold, and sought monetary damages as well as equitable relief.

---

[1] Due to many of the parties possessing the same surname, we will refer to the individual members of Graf Properties, LLC by their first names.

Michael was served with the summons and complaint, but failed to respond.[2]  On March 7, 2018, plaintiffs requested that a default be entered against Michael, and a default was entered that same day.  Thereafter, Michael, acting *in propria persona*, filed a document with the trial court that, although untitled, referred to Michael as a "counterclaimant," asserted that he[3] had perfected a security interest in the properties, and requested that the trial court quiet title to the properties in his favor.  It is not clear from the trial court's register of actions how the court clerk characterized this document, but the document made no reference to Michael's default status, nor does any proof of service or notice of hearing appear in the record associated with this document.[4]

On May 8, 2018, plaintiffs filed a motion for summary disposition as to Springman and for entry of default judgment as to Michael and Dode, noting that a default had been entered against Michael and that he had failed to seek to have it set aside.  This motion was served on all of the defendants, along with a notice of hearing.  On July 2, 2018, Michael filed two motions, entitled "Motion to Deny Identified Plaintiffs' Motion for Summary Disposition and Entry of Default Judgment" and an "Amended" version of the same; the motions were dated May 30th and May 31st and submitted to the trial court, but Michael did not pay the filing fee for these motions until July 2.  These motions asserted various defenses to plaintiffs' claims, including that plaintiffs were not the real parties in interest because Michael was the sole managing member of Graf, and that plaintiffs had failed to met their burden of proof regarding the facts underlying their claims; however, these motions made no reference to Michael's default status and did not seek to set aside the default.  The motions were not noticed for hearing.

On July 10, 2018, the trial court held a hearing on plaintiffs' motion; Michael did not appear.  During the motion hearing, the trial court stated the following regarding Michael's motions:

> The Court recognizes that Michael Graf, Junior has filed a document captioned Amended Motion to Deny Plaintiffs' Motion for Summary Disposition

---

[2] Dode also failed to respond and was the subject of a default judgment.  Springman answered the complaint and summons, but the trial court ultimately granted summary disposition in favor of plaintiffs on their claims against Springman.  Neither Dode nor Springman is a party to this appeal.

[3] The document specifically referred to its author as "Michal Graf Jr. sui juris, in pro person, Paterfamiliās of the House and Family Graf, an assignee and holder in due course of security interest in land and property located in Benzie County Michigan as party to private contract ('Graf')," which, from context, appears to refer to Michael in his individual capacity.

[4] Michael does not appear to have filed a proof of service with regard to any of his various motions and filings.  However, at the October 12, 2018 motion hearing, plaintiffs' counsel answered in the affirmative when the trial court asked if plaintiffs had "been served with a series of motions that appear to have been filed by Michael Graf, Junior?"  It thus appears that Michael served plaintiffs with at least some of the documents he filed in this case, although the record lacks further clarity.

and Entry of Default Judgment. I've reviewed that document that has been filed, and it simply fails to comply with Michigan Court Rule 2.603. It is not, in this Court's opinion, an effort to set aside the previously entered default . . . . I'm satisfied that the default was properly entered and the Court rules have been complied with by the plaintiffs and as such the Court will at this time sign a default judgment as it relates to Dode Group, CTO and Michael Graf, Junior and grant the relief requested in the plaintiffs' prayers for relief.

On August 8, 2018, after the motion hearing but before the trial court had entered an order reflecting its ruling, Michael filed a document with the trial court entitled "Rebuttal of Presumption," which again stated that plaintiffs were not the real parties in interest and lacked a viable claim against him. The document requested that the trial court "take administrative and judicial NOTICE" of his claim for relief and to "dispense with this action as is within its prerogative." Once again, the document was silent regarding Michael's default status, and was not noticed for hearing. On August 14, 2018, after plaintiffs filed a proposed order and the seven-day objection period had passed, the trial court entered an order granting plaintiffs a default judgment against Michael. The order stated that plaintiffs "intend to bring a subsequent motion to determine expenses, including all attorney fees and costs, for clearing title." Plaintiffs filed their motion for damages two weeks later.

Subsequently, on September 12, 2018, Michael filed documents with the trial court entitled "Motion to Show Cause as the Real Party in Interest" and "Motion for the Production of Documents in Support of Motion to Show Cause as the Real Party in Interest." These motions essentially referred the court to Michael's previous arguments related to whether plaintiffs were real parties in interest and requested that the trial court order plaintiffs to produce "exemplified documentation warranting the usurpation" of Michael's authority as managing member of Graf. Neither motion directly challenged the trial court's holding that Michael's default had been properly entered; nor was either motion noticed for hearing. On September 20, 2018, Michael also filed a motion to stay the proceedings on plaintiffs' motion for damages, again failing to notice the motion for hearing. This motion repeated Michael's argument that plaintiffs were not the real party in interest, but again did not address the default.

The trial court held a hearing on October 2, 2018; Michael did not appear. At the hearing, the trial court addressed Michael's numerous post-default filings, stating:

> The Court finds that none of these motions are timely, and although Mr. Graf hasn't set the matters on [sic] for hearing I'm going to rule that each of the motions filed are not timely, and the issues raised are at this time moot for the reasons that Mr. Graf failed to answer the complaint. He was defaulted, and then subsequently a default judgment was entered.

The trial court granted plaintiffs' motion for damages. It subsequently entered a default judgment in favor of plaintiffs. It also entered an order denying all of Michael's motions filed after the default was entered, finding that defendant was in default and failed to "properly move and notice for hearing a motion to set aside" either the default or the default judgment.

This appeal followed.

## II. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's decision to enter a default judgment. See *Shawl v Spence Bros*, 280 Mich App 213, 218; 760 NW2d 674 (2008). An abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

## III. ANALYSIS

Michael argues on appeal that the trial court erred by rejecting his various motions and failing to consider his argument (repeated in several filed documents) that plaintiffs were not the real parties in interest in the lawsuit. We disagree.

MCR 2.603(A)(1) provides that a default may be entered against a party who has been personally served but has "failed to plead or otherwise defend" in the action as required by the court rules. "Once the default of a party has been entered, that party may not proceed with the action until the default has been set aside by the court" in accordance with MCR 2.603(D) or MCR 2.612. MCR 2.603(A)(3).

A defaulted party may move to set aside the default before entry of the default judgment, or to set aside the default judgment within 21 days after the default judgment was entered. MCR 2.603(D)(1) and (2); *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 528, 530; 672 NW2d 181 (2003). An order granting a default judgment is a final judgment, MCR 7.202(6)(a)(i); *Allied Electric Supply Co v Tenaglia*, 461 Mich 285, 288; 602 NW2d 572 (1999), and relief from that judgment may also be sought under MCR 2.612(C) after the judgment is entered. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 234 n 7; 600 NW2d 638 (1999).

A motion to set aside a default or default judgment shall be granted only for (1) lack of personal jurisdiction or (2) a showing of good cause and the filing of an affidavit of facts showing a meritorious defense. MCR 2.603(D)(1); *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 628; 750 NW2d 228 (2008). The moving party bears the burden of demonstrating good cause and a meritorious defense. *Saffian*, 477 Mich at 14.

Good cause sufficient to warrant setting aside a default or a default judgment can be shown by: (1) a substantial procedural defect or irregularity in the proceedings, (2) a reasonable excuse for the failure to comply with requirements that created the default; or (3) another reason showing that manifest injustice would result from permitting the default to stand. *Alken-Ziegler*, 461 Mich at 233; *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 390; 808 NW2d 511 (2011). Factors relevant to establishing good cause include: (1) whether the party completely failed to respond or simply missed the deadline to file; (2) if the party simply missed the deadline to file, how long after the deadline the filing occurred; (3) the duration between entry of the default judgment and the filing of the motion to set aside; (4) whether there was defective process or notice; (5) the circumstances behind the failure to file or file timely; (6) whether the failure was knowing or intentional; (7) the size of the judgment and the amount of costs due; (8) whether the default judgment resulted in an ongoing liability; and (9) if an insurer is involved, whether internal policies of the company were followed. *Shawl*, 280 Mich App at 238.

An affidavit of meritorious defense "requires the affiant to have personal knowledge of the facts, state admissible facts with particularity, and show that the affiant can testify competently to the facts set forth in the affidavit." *Huntington Nat'l Bank*, 292 Mich App at 390. Factors relevant to the existence of a meritorious defense include whether there is evidence that: (1) the plaintiff cannot prove or the defendant can disprove an element of the claim or a statutory requirement; (2) a ground for summary disposition exists; or (3) the plaintiff's claim rests on inadmissible evidence. *Shawl*, 280 Mich App at 238.

In determining whether there is a meritorious defense and good cause to warrant the setting aside of a default, a trial court should consider the totality of the circumstances. *Id.* at 236-237.

Here, Michael never argued that the trial court lacked personal jurisdiction over him; rather, to the extent that any of his motions could be construed as implicitly arguing that the default against him should be set aside, the argument was premised on his claim that plaintiffs were not real parties in interest. Even if the trial court had given his various filings an extremely generous interpretation and viewed them as satisfying the requirements of an affidavit of meritorious defense, none of Michael's various filings address good cause for his failure to respond to the action, other than the bare assertion that he lives in Illinois. Michael was indisputably aware of the action against him, at the latest when he received notice of the default against him; yet nowhere in numerous filings he made with the trial court did he reference his default status or assert good cause for setting aside the default. Instead, he attempted to belatedly defend the action against him without addressing the default, in violation of MCR 2.603(A)(3). He failed to appear for scheduled hearings even after being made aware of the case against him and, despite including a statement in nearly every document filed with the trial court that he was "available for telephonic conference," does not appear from the record to have attempted to make any arrangements to appear by telephone or other remote means. Michael has not alleged a substantial defect or irregularity in the proceedings that caused him to be unable attend or seek to adjourn or reschedule these hearings, and has not provided any other reasonable excuse for his failure to attend or his failure to raise the issue of setting aside the default with reference to the proper legal standards under MCR 2.603(D).

Considering the totality of the circumstances in this case, *Shawl*, 280 Mich App at 238, the trial court's decision to enter a default judgment was not an abuse of discretion. *Shawl*, 280 Mich App at 218. Because we conclude that the trial court did not err by entering a default judgment, we decline to address the merits of Michael's argument concerning the real party in interest, as that issue was resolved by the entry of that judgment. See *Reed Estate v Reed*, 293 Mich App 168, 181; 810 NW2d 284 (2011).

Affirmed. As the prevailing party, plaintiffs may tax costs. MCR 7.219(A).

/s/ Mark T. Boonstra
/s/ Jonathan Tukel
/s/ Anica Letica